## Hedrick v. Commonwealth.

(Decided March 2, 1937.)

WM. A. HAMM and R. B. JOHNSON for appellant.

B. M. VINCENT, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

Carl Hedrick appeals from a judgment of two years in prison for grand larceny.

The appellant and Junior Johnson went to the store of Henry Sherman in the suburbs of London where Johnson bought a dime's worth of salt. Mrs. Sherman, who was alone .when they entered, went to the rear of the store to get it and when she turned around Hedrick was raising up behind the meat counter within four feet of the cash register. Afterward the men purchased some cakes and went out. Within a few minutes Henry Sherman returned from dinner and found his billfold containing $50 or more in currency, some checks, and relief orders missing from under the counter just below the cash register. Mrs. Sherman was positive the purse was there at the time Hedrick went behind the counter. It was developed on cross-examination that her insistence upon the presence of the pocket book was perhaps based upon a general knowledge or assumption, since she admitted not having seen it at the moment. But there is the husband's certain statement of fact concerning its presence just at the time he left, which was a few minutes before these men came into the store. It is made certain that from that time until it was missed no one was in the store but the appellant and his companion, except White Frost who came in as they were leaving. A warrant for Hedrick's arrest was soon issued, but the officers could not find him.

The defendant denied getting the money or being behind the counter. He spent the night at the home of his cousin, Russ Taylor, and the next day on the spur of the moment he decided to make a journey into Ohio. He told none of his family or friends that he was leaving. He passed through the town and went to East London and there boarded the train without a ticket. No one at Taylor's house testified.. About a week later the appellant's son went to where he .was in Ohio and

told him about the accusation. Some two months later he returned to Laurel county and surrendered on the charge. Junior Johnson testified that Hedrick was not behind the counter but sat on the end of it. He saw him stoop over and pick up what seemed to be a package of cigarette papers from the floor. It was proven that Johnson had testified differently before the grand jury, his evidence there corroborating Mrs. Sherman's testimony at the trial. She also testified in rebuttal that Johnson had made similar contradictory statements to her. The reputation of the appellant for general moral character was established as being bad.

The money was there when the defendant and his companion went into the store. It was not there after they left. No one else had an opportunity to get it. The defendant was behind and under the counter within four feet of the pocket book when seen. The officers could not find him that afternoon and he suddenly and secretly left the community under circumstances indicating flight. His companion's testimony of innocence was in contradiction of other statements. He was impeached by proof of bad reputation. We regard the evidence, therefore, as sustaining the verdict.

The defendant's objection to the evidence of his reputation was overruled, but the court did not admonish the jury that the purpose of its introduction was in relation to his credibility as a witness. Appellant argues that this was a prejudicial error. It has been many times written that the trial court should give such an admonition, for without it the jury may accept the testimony as tending to prove a likelihood of guilt or may convict him because of his bad name. Shell v. Com., 245 Ky. 223, 53 S. W. (2d) 524. Reliance is placed upon some of our decisions to the effect that an objection to the introduction of the evidence saves the point. Recent opinions have been otherwise, and it is now definitely settled that unless the accused asked for such an admonition, or directed the court's attention to its omission, he will be deemed to have waived his right to it. Clair v. Commonwealth, 267 Ky. 363, 102 S. W. (2d) —.

Judgment affirmed.