STATE *vs.* RALPH MEROLA.

JANUARY 26, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is a criminal complaint charging that

defendant on a date certain was in actual physical control of a vehicle upon a public highway in this state while under the influence of intoxicating liquor in violation of law. In the superior court a jury found him guilty as charged and thereafter his motion for a new trial was denied by the trial justice. The defendant has prosecuted his bill of exceptions to this court.

It appears from the evidence that defendant, while driving his automobile on Reservoir avenue in the city of Cranston at about 8:45 p.m. on the evening of January 5, 1951, was stopped by a police officer of that city in a scout car, so called, because of the manner in which defendant's automobile was being operated. After he had been questioned and briefly examined by the officer, the latter telephoned Cranston police headquarters and was instructed to await the arrival of another officer, which followed in a short time. According to evidence introduced on behalf of the state, defendant was informed that he was to be taken to police headquarters to be examined by a doctor, and both officers then told him in substance that he had a right to call a doctor at his own expense. The defendant, however, denied that he was so informed.

The state's evidence also showed that on arrival at police headquarters the lieutenant in charge offered defendant a telephone directory and told him that he had a right to call his own doctor. However, instead of calling the doctor he attempted to call his lawyer who could not be reached. About 9:15 p.m. the Cranston city physician arrived. He examined defendant, conducted various tests, and questioned him in order to determine whether he was under the influence of intoxicating liquor. During the examination defendant admitted that he had been drinking to some extent that evening. After completing the examination the city physician was of the opinion that defendant was under the influence of intoxicating liquor.

The defendant then requested that his own doctor be called on the telephone and this was done. In the mean-

time he was placed in a cell. His physician did not arrive at the police station until about 10:15 p.m. and he at once questioned and examined defendant. In substance this doctor testified that, although there was an odor of liquor on defendant's breath, his muscular reactions and equilibrium were normal; that he was rational; and that he was not then under the influence of intoxicating liquor.

The defendant's first four exceptions relate to rulings of the trial justice allowing, over the objection of defendant, several consecutive questions to be asked during the cross-examination of his physician. This evidence concerned a statement allegedly made by such witness to the police officer in the Cranston police headquarters a short time after his examination of defendant. In direct examination he had previously testified in substance that the officer with whom he talked in the police station on his arrival had said that it did not make any difference what he (the doctor) stated as to defendant's condition since the officer had already made up his mind on that point.

The following are the questions and answers upon which the four exceptions are based: "Q. Did you tell the officer here, Doctor, outside the hallway and in the police station that you did not want to go against another doctor's word, that you could not contradict the other doctor that examined Merola when it was so apparent? Mr. Paolino: I object. The Court: I will allow it. Mr. Paolino: Note my exception. The Court: Yes. Defendant's Exception Noted. A. I really made the statement at that time that I don't customarily go around contradicting another doctor's opinion. However, I had not known another doctor had seen him. Q. I want you to say Yes or No: Did you tell the officer that you didn't want to go against another doctor's word, that you could not contradict another doctor that examined Mr. Merola when it was so apparent? A. No. Mr. Paolino: I object. Q. You deny you ever said that? A. Yes. The Court: You have an exception, Mr. Paolino. Defendant's Exception Noted."

In support of his claim that the trial justice's rulings were erroneous, defendant contends that the above testimony was hearsay and that the alleged conversation was not held in his presence, citing *State* v. *Feeney,* 65 R. I. 438, and *State* v. *Epstein,* 25 R. I. 131. In our opinion the cases cited by defendant are clearly distinguishable from the instant case and do not control it. Obviously the alleged statement was not hearsay, and did not in the ordinary sense amount to a doctor's report or an accusation of defendant's guilt so as to require his presence, as he urges. As the state argues, it was entitled to show by cross-examination what it claimed the doctor had said in further conversation with the police officer, for the purpose of laying a foundation for contradicting, discrediting, and impeaching the witness, even though he denied making the statement attributed to him. In our judgment defendant's above contentions are without merit in the circumstances and his first four exceptions are over-ruled.

His fifth and sixth exceptions relate to two questions in rebuttal asked by the state of the lieutenant in charge of police headquarters in connection with the same conversation between that witness and defendant's physician hereinbefore referred to. The trial justice permitted the state, over defendant's objection, to ask the questions now under consideration. It is difficult to tell from the transcript and the bill of exceptions just what questions and answers defendant's said exceptions relate to. In any event, the evidence in question was introduced to contradict and impeach that given by defendant's doctor. In our opinion the same general principles which have been considered in passing upon the first four exceptions apply equally to the fifth and sixth exceptions and they are overruled.

The defendant has argued one other exception which is to the denial of his motion for a new trial. It is evident that the trial justice in coming to his decision reviewed all the evidence carefully, did not misconceive it, and exercised his independent judgment in deciding the motion. He

found that the verdict was not against the weight of the evidence. He also found that "the jury was well-warranted in finding him [defendant] guilty beyond a reasonable doubt and that substantial justice certainly was done."

The evidence was conflicting on the main issues in the case, such as the location on Reservoir avenue where defendant was arrested, whether at that time his car was being driven from one side of the street to the other and onto the sidewalk, his conduct and statements then and later at the police station, and the results of his examination by the two doctors. The question of whether he was operating his automobile while under the influence of intoxicating liquor was clearly for the jury to determine in the first instance and turned primarily on their view of the credibility of the witnesses. No exception to the charge of the court was taken.

In support of his motion for a new trial, defendant also argued that the jury in reaching their verdict were swayed by prejudice against him. This contention apparently was based on the claim by defendant that he had upon his person considerable money when he was arrested and that it was not all returned to him when he was later released at the police station. The trial justice, however, did not agree with the above contention and decided that the jury's verdict was not reached because of prejudice against him. Giving consideration to all grounds urged by defendant in his motion for a new trial, we cannot say that in the circumstances the trial justice was clearly wrong in sustaining the verdict. The defendant's exception now under consideration is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*William E. Powers,* Atty. Gen., *John F. O'Connell,* Special Counsel, for State.

*Thomas J. Paolino,* for defendant.