262 A.2d 374.

State *vs.* George F. Harris.
State *vs.* George F. Harris.

FEBRUARY 26, 1970.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. After a trial to a jury in the Superior Court, the defendant George F. Harris was convicted of aiding and assisting "in the recording of a bet on a horse race" in violation of G. L. 1956, §11-19-14, and of knowingly promoting a "Policy Lottery" in violation of §11-19-1. A motion for a new trial in each case was denied;

sentence was thereafter imposed, and the defendant is now in this court prosecuting a bill of exceptions in each case.

The record discloses that defendant, employed as a bartender in Phil's Tap, a licensed place located on Pine Street in the city of Providence, had been under observation by a member of the Providence Police Department, James H. Higgins, for some nine or ten days prior to August 10, 1963. The police officer testified that during that period he had on several occasions observed defendant take slips of paper from the top of a refrigerator, talk to a patron, make some notation on the paper, accept money from the patron, and then place the paper in the pocket of a coat hanging on a nearby clothing rack. On August 10, 1963, the police officer placed a bet with defendant on a horse known as "Portrayel which was running in the sixth race at Rockingham Park." At the same time the detective placed a number-pool bet with defendant, and notations as to both were placed in the pocket of the jacket hanging on a clothing rack. On August 17 defendant was arrested and charged with promoting a lottery and assisting in the recording of a horse bet.

The defendant argues that it was error to permit the police officer to testify that during the time the officer had the place under observation defendant recorded horse bets on repeated occasions. There is no merit in this contention. It is conceded that generally evidence of prior criminal conduct is inadmissible to prove another offense. However, such evidence may be admitted where it tends to establish the existence of a criminal intent as to the offense under consideration. *State* v. *Mazzarella,* 103 R. I. 253, 236 A.2d 446; *State* v. *Peters,* 86 R. I. 447, 136 A.2d 620. We noted the latitude of this exception in *State* v. *Colangelo,* 55 R. I. 170, 174, 179 A. 147, 149, where we said: "Any circumstance that is incidental to or connected with the offense under investigation in such a way that it tends

to establish guilty knowledge, intent, motive, design, plan, scheme, system, or the like, is proper evidence according to the overwhelming weight of authority." Despite defendant's contention to the contrary, we know of no rule requiring that the prosecution lay a foundation for the introduction of such evidence in order to justify its admission as being necessary to prove the commission of the offense under consideration, nor does defendant direct our attention to any such authority.

Neither do we perceive any merit in defendant's argument that the evidence adduced concerning his prior recording of bets could prejudice him by reason of its probative force on the issue of his guilt of the crimes with which he is here charged. He argues that because of this the trial justice was required to give a cautionary instruction as to the purpose of its admission and that it was not to be considered on the question of his guilt. It is to be noted, in the first place, that the evidence to which reference is made was properly admitted, and it is conceded that, if believed, it would prejudice defendant. But this does not obligate the trial justice to give such a cautionary instruction to the jury, absent a specific request therefor from defendant.

It does not appear from the record that defendant requested the court to give such an instruction, and this court will not charge a trial justice with error simply because he fails to charge on the effect of evidence otherwise admissible, absent a specific request for such an instruction. It is the duty of counsel to direct the attention of the trial court to whatever circumstances exist in the case which, in his opinion, would warrant the giving of the cautionary instruction particularly to minimize the prejudicial effect of evidence to whatever degree might be necessary. Absent such a request and absent any peculiar circumstance, the failure of a trial court to give a cautionary charge as to the pre-

judicial effect of evidence properly admitted will not be considered in this court unless a specific request for such an instruction was made below. *State* v. *Wiggin,* 106 R. I. 69, 256 A.2d 219; *State* v. *Jefferds,* 89 R. I. 272, 152 A.2d 231.

The defendant contends that the court erred in allowing the prosecution to introduce evidence that one Theodore Isabella, the manager of Phil's Tap and defendant's immediate superior, had been arrested in the establishment in August of 1962 while "looking at the *Armstrong*" in the presence of defendant. This evidence was proffered by the state for the purpose of impeaching defendant's testimony that he had never seen an "Armstrong" on the premises. An "Armstrong" is a racing publication wherein the horses running at various tracks around the country are listed from day to day. It was not error to admit this testimony. We have held that the prosecution may, for the purpose of laying a foundation for contradicting, discrediting, or impeaching the witness, introduce evidence as to what that witness said or did on a prior occasion. *State* v. *Merola,* 80 R. I. 176, 94 A.2d 426.

Many jurisdictions, however, recognize that evidence of such a character may prejudice the defendant and be considered by a jury on the issue of the guilt of the defendant as it relates to the crime with which he is presently charged. Generally, it is held that where the evidence is admissible for such impeaching purposes but could thus prejudice a defendant unless the jury were instructed as to the limited purpose for which it was admitted, the court should, particularly when requested, instruct the jury that such evidence as is admitted is to be considered only on the credibility of the witness and not to show guilt of the accused. *Hedrick* v. *Commonwealth,* 267 Ky. 481, 103 S.W.2d 111; *Commonwealth* v. *Halleron,* 163 Pa.Super. 583, 63 A.2d 140.

In the instant case the evidence, having been introduced to impeach defendant's testimony concerning the "Arm-

strong" sheet, was admissible. The record discloses that the court, immediately upon allowing the testimony into evidence, instructed the jury adequately as to the limitation that should be put on the use of the evidence. There was no error in the court's action in this situation. Neither do we perceive that any error inhered in the court's admitting testimony elicited from a William Naylor by the state in an effort to impeach the credibility of defendant. Here again the evidence was admissible as impeaching in character, and the trial judge gave instructions as to the limited purpose for which it was to be considered by the jury.

The defendant further contends that the trial justice committed reversible error in charging the jury as follows: "There's an old Latin maxim in the law which sometimes is applicable and I'll leave it to you to decide, 'Falsus in uno, falsus in omnibus,' and if you remember your high school Latin, that means false in one thing, false in all." This court considered an almost identical charge in *State* v. *Leavitt,* 103 R. I. 273, 237 A.2d 309. In *Leavitt* we emphasized our concern with instructions of this type, saying that it is neither advisable nor desirable, serves no useful purpose, and should be avoided. In that case we noted that it had been condemned by a learned text writer in 3 Wigmore, *Evidence* (3d ed.), §1008, at 675.

However, in that case we did not hold that the giving of the instruction constituted prejudicial error primarily on the ground that the defendant at the time the instruction was given, or at the close of the charge, made no request of the trial justice to clarify that instruction before giving the case to the jury. We there said: "Had defendant done so and the trial justice refused, exception could have been duly taken and the question thus properly brought on the record for our consideration." 103 R. I. at 287, 237 A.2d at 317.

Had this instruction been given by the trial court after the date of our decision in *Leavitt,* January 16, 1968, and

after we had strongly suggested that such instructions are not favored, it might well be that we would hold that to so instruct the jury did constitute error that in appropriate circumstances could be prejudicial and reversible. However, it was given prior to our decision in *Leavitt* and, therefore, in our opinion, its validity should be passed on in the light of our treatment of the similar charge in *Leavitt*.

The record in the instant case discloses that counsel for defendant at the close of the charge did take exception to the pertinent portion of the charge, "Falsus in uno, falsus in omnibus." However, the instruction in the instant case was given to the jury prior to the date of our decision in *Leavitt* and, therefore, before our expression of disapproval of instructions of this character set out therein. For that reason we are reluctant to charge the trial justice in the instant case with error in so instructing the jury. We direct attention, however, to our general disapproval of instructions of this kind and our intention in the future to scrutinize carefully for error instructions so given by trial justices after the date of our decision in *Leavitt*.

We turn finally to defendant's contention that the trial justice erred by instructing the jury at the close of the trial as follows: "* * * and the Police Sergeant Yacavone was allowed to testify as to certain incidents that took place about picking up an *Armstrong* sheet because testimony was that it was done in the presence of the defendant Mr. Harris and it was allowed so that you could determine who was telling the truth in this case." The defendant argues that this instruction was so vague that it tended to confuse and mislead the jury.

The defendant, in our opinion, overlooks the settled rule that in this court we test the validity of an instruction not by reading the challenged portion in isolation from the rest of the charge; rather, we examine the challenged portion in the context of the entire charge and determine from that

650

whether the charge as given confused and misled the jury. *State* v. *Contreras,* 105 R. I. 523, 253 A.2d 612.

We are compelled to conclude when we read the challenged portion of the charge together with the cautionary instruction given by the trial justice at the time that the testimony of the police concerning Mr. Isabella was admitted that it becomes quite clear that the court's intention was to adequately inform the jury as to the limitations under which that evidence was admitted. We cannot agree that the charge, when read in this fashion, would tend to mislead and confuse reasonable men treating the words in their ordinary, natural meaning. For this reason we conclude that there was no error in the charge as given.

All of the exceptions of the defendant in each case are overruled, and each case is remitted to the Superior Court for further proceedings.

*Herbert F. DeSimone,* Attorney General, *Donald P. Ryan,* Assistant Attorney General, for plaintiff.

*Charles A. Curran, Harold I. Kessler,* for defendant.