STATE

v.

David R. POULIN.

No. 78–20–C.A.

Supreme Court of Rhode Island.

June 25, 1980.

Dennis J. Roberts, II, Atty. Gen., Stephen Lichatin, III, Sp. Asst. Atty. Gen., Chief, App. Division, for plaintiff.

John A. MacFadyen, III, Mary E. Levesque, Asst. Public Defenders, for defendant.

## OPINION

MURRAY, Justice.

The defendant, David R. Poulin (Poulin), appeals from his convictions on one count of committing an abominable and detestable crime against nature and on two counts of indecent assault on the complainant, a nine-year-old girl. He claims that the trial justice admitted the testimony of three witnesses that contained inadmissible hearsay evidence. In addition to his hearsay contentions, Poulin asserts that the testimony of the complainant's mother, Sandra, included highly prejudicial allusions to assaults on the complainant other than those charged in the state's information.

Poulin lived with the complainant's family for two and one-half years in a number of Rhode Island and Massachusetts residences. He allegedly committed two of the offenses charged in Pawtucket on February 6, 1976. The other charge arose from an assault that allegedly occurred on June 30, 1976, in Providence.

At trial, the complainant testified to the following events. On the morning of June 30, 1976, Poulin sexually assaulted her in the bedroom that he shared with her mother. After the assault, she spent several hours in the company of her friends but did not at that time tell anyone of the assault. When she returned to the apartment in the late afternoon, Poulin called her back to the bedroom and again told her to lie down on the bed. He hugged her, and then allowed her to leave him without repeating the intimate contact that he had forced upon her in the morning. After she left Poulin, the complainant told Michael and Johnnie, two boys who lived upstairs, that "David told me to go to bed with him." She then went upstairs and related the morning's events to Carol, an adult neighbor, who required her to stay upstairs until her mother came home from work.

Sandra, the complainant's mother, arrived home from work at five o'clock that afternoon and encountered Poulin leaving the premises in his car. As she entered the

apartment, the complainant came downstairs from Carol's to meet her, accompanied by Michael and Johnnie. When the two boys left, the complainant told her mother about the assault that morning and also recounted a number of earlier assaults that included the incidents of February 6, 1976.

Poulin's hearsay objections relate to the testimony of Sandra, Carol, and Michael, one of the boys who lived upstairs. Sandra and Carol each repeated out-of-court statements made by the complainant on June 30 concerning the assault that had occurred that morning. Michael testified also that the complainant had described the assault to him, but the trial justice excluded testimony about the details of that conversation. Instead, the trial justice ruled that Michael could repeat statements that he heard the complainant make to Carol. As a result, Michael testified that he observed a conversation between Carol and the complainant but could not hear what was said. Defense counsel objected to the testimony of Michael, Carol, and Sandra at trial, claiming that each account contained inadmissible hearsay evidence. Poulin reasserts those objections on appeal and claims that the trial justice committed reversible error because he permitted those witnesses to repeat statements made by the complainant on June 30. We therefore must examine the rulings of the trial justice with respect to the disputed portion of each witness's testimony.

■ We have often stated that hearsay is an out-of-court statement offered to prove the truth of the matter asserted in that statement. *E. g., State v. Santos*, R.I., 413 A.2d 58 (1980); *State v. Angell*, R.I., 405 A.2d 10 (1979); *State v. Andrews*, R.I., 390 A.2d 926 (1978). Testimony containing an out-of-court statement that is offered for another purpose is not hearsay. *State v. Santos, supra; State v. Palmigiano*, 112 R.I. 348, 309 A.2d 855 (1973); *Allen v. D'Ercole Construction Co.*, 104 R.I. 362, 244 A.2d 864 (1968).

■ Upon application of these standards, our review of the transcript clearly discloses that the contested portion of Michael's testimony was not hearsay. After Poulin's counsel objected to Michael's testimony, the trial justice cautioned the jury against using that testimony as evidence that the assault occurred and stated that he admitted it as corroborative of the complainant's testimony that statements were made. Furthermore, Michael testified only that he observed a conversation; he did not repeat statements made by the complainant at that time. In view of the cautionary instruction and the substance of Michael's testimony, we conclude that his testimony was not hearsay.

■ Carol, the adult neighbor, testified to the substance of the complainant's out-of-court statements after the trial justice ruled her testimony admissible to corroborate that of the complainant. According to Poulin, however, we must review Carol's testimony as hearsay admitted for its full probative value because the complainant's credibility was not impeached on matters covered by Carol's testimony. For support, he relies on the principle discussed in *State v. Ouimette*, 110 R.I. 747, 760, 298 A.2d 124, 133 (1972) that prior out-of-court statements adduced to buttress the in-court testimony of a witness are not admissible unless the credibility of that testimony has been impeached. We do not reach the issue of whether the trial justice erred in admitting Carol's testimony for corroboration, because Poulin's counsel objected to Carol's testimony only on the hearsay ground. In response to that objection the trial justice ruled that he would allow Carol's testimony for the more limited purpose of corroboration, thereby in effect sustaining the hearsay objection. Trial counsel's failure to object to admission of that testimony for the limited purpose of corroboration, precludes our consideration of the trial justice's ruling to that effect for the first time on appeal. *State v. Pope*, R.I., 414 A.2d 781 (1980); *State v. Freitas*, R.I., 399 A.2d 1217 (1979); *State v. Crescenzo*, 114 R.I. 242, 332 A.2d 421 (1975).

■ In contrast to his instruction concerning Michael's testimony, the trial justice did not caution the jury that Carol's testimony was to serve only as evidence of corroboration. In the absence of such an instruction, Poulin claims that we must reach his contention that Carol's testimony contained inadmissible hearsay. We note, however, that it is "the duty of counsel to direct the attention of the trial court to whatever circumstances exist in the case which, in his opinion, would warrant the giving of the cautionary instruction." *State v. Harris*, 106 R.I. 643, 646, 262 A.2d 374, 376 (1970). *See Allen v. D'Ercole Construction Co.*, 104 R.I. at 366–368, 244 A.2d at 869. *See also State v. Quattrocchi*, 103 R.I. 115, 123–24, 235 A.2d 99, 104 (1967).

■ The record in this case discloses that Poulin's counsel failed to request the trial justice to instruct the jury on the limited purpose for which Carol's testimony was admitted. His hearsay objection constituted the sum of his efforts "to direct the attention of the trial court" to the need for a cautionary instruction. However, a cautionary instruction must be requested expressly. *State v. Harris*, 106 R.I. at 646, 262 A.2d at 376. We shall not view counsel's hearsay objection to testimony subsequently admitted for purposes of corroboration as an implicit request for a cautionary instruction. *See Commonwealth v. Gore*, 262 Pa. Super. 540, 396 A.2d 1302 (1978). Thus, Poulin's counsel should have expressly requested a cautionary instruction if he feared that the jury would misuse Carol's testimony. His failure to request a cautionary instruction at trial forecloses on appeal consideration of the prejudicial effect of testimony admitted without such an instruction. *State v. Harris, supra.*

Poulin objects to the testimony of Sandra, the complainant's mother, on two grounds. He claims first that the statements contained inadmissible hearsay evidence and second that they contained high-

ly prejudicial references to Poulin's prior assaults on the complainant. In opposition, the state contends that neither of Poulin's objections are properly before this court. According to the state, the trial justice admitted Sandra's testimony for the same purpose that he admitted the testimony of Carol and Michael. Thus, the state considers trial counsel's failure to request a jury instruction limiting the permissible use of Sandra's testimony fatal to Poulin's hearsay objection. In regard to Poulin's second objection, the state claims that counsel neither objected nor requested a cautionary instruction when Sandra alluded to Poulin's prior assaults on the complainant. The state therefore urges this court to reject Poulin's objections to Sandra's testimony as improperly raised.

Our review of the trial justice's decision to admit Sandra's testimony reveals that he relied on the spontaneous-utterance exception to the hearsay rule.[1] We therefore reject the state's claim that Sandra's testimony was admitted only to corroborate that of the complainant and that counsel should have requested a cautionary instruction to that effect. We therefore consider Poulin's contention that Sandra's testimony included inadmissible hearsay evidence.

■ In *State v. Jalette*, R.I., 382 A.2d 526 (1978), we discussed the spontaneous-utterance exception in relation to a case that also involved a sex offense against a young girl. We stated that "[w]hile there is no explicit rule as to what constitutes an admissible spontaneous utterance, it is recognized that each statement must be considered within the context of the circumstances which prevailed at the time of its utterance." *Id.*, 382 A.2d at 530. We ruled also that the party who seeks to introduce hearsay evidence as a spontaneous utterance assumes the burden of establishing the admissibility of that evidence. *Id.* Thus, the state in this case was required to estab-

---

1. We note that the trial justice briefly discussed corroboration as an alternative ground for his ruling on admissibility. However, we find his statement that "[t]he Court will overrule the objection on ground number one, it qualifies under the excited utterance exception to the hearsay rule * * *" sufficiently clear to disclose that he admitted the testimony without limitation.

lish that the complainant's out-of-court utterances were "a spontaneous verbal reaction to some startling or shocking event" and that the statements were made while the complainant "was still in the state of nervous excitement produced by that event and before she had time to contrive or misrepresent." *Id.*

■ Our examination of the record [2] discloses that the state failed to show that the complainant's remarks to Sandra constituted "a spontaneous verbal reaction" to Poulin's assault. Although the state presented three witnesses to whom the complainant had reported the assault, it elicited no testimony from them with respect to her demeanor. The total absence of demeanor evidence in this case impedes our ability to determine whether the complainant's statements constituted part of a "spontaneous verbal reaction" or were the product of calm reflection. The lack of demeanor evidence is particularly troublesome because the complainant spoke with Sandra more than five hours after the assault and had reported the assault previously to two other people.

We note also that the complainant's testimony on cross-examination indicates that she did not spontaneously inform Sandra of Poulin's assault. She stated that Carol first reported the incident "from the hallway" and that Carol's report prompted Sandra to ask "why David left so quick." At that point, the complainant told Sandra about the events of June 30, and also revealed Poulin's previous assaults. In view of the lack of demeanor evidence and the complainant's own testimony, we conclude that the state failed to establish the admissibility of Sandra's testimony under the spontaneous-utterance exception.

■ Although it was error to admit hearsay evidence contained in Sandra's testimony, reversal does not follow automatically. We must examine "the record with a view to determining what in our judgment would have been the probable impact of the improper evidence on the minds of the aver-

age jury. Once that judgment is made, we will assume that the objectionable evidence had a similar impact on the jury" in this case. *State v. Bower,* 109 R.I. 198, 201, 283 A.2d 39, 41 (1971); *accord State v. Andrews,* R.I., 390 A.2d at 931; *State v. Pailin,* 114 R.I. 725, 730, 339 A.2d 253, 256 (1975). We consider admission of objectionable evidence harmless if we determine that it is not reasonably possible that such evidence would influence an average jury on the ultimate issue of guilt or innocence. *State v. Bower,* 109 R.I. at 203, 283 A.2d at 42; *see State v. Andrews* and *State v. Pailin,* both *supra.*

■ Sandra's hearsay testimony consisted solely of the following statements:

"'Mummy, David made me go to bed again with him.' I said, 'What do you mean by again? This happened before?' And she said, 'Yeah, it happened a lot of times before.' She said, 'I told Barbara. I told Carol and Madeline and the boys upstairs.'"

The only reference to the June 30 assault is the vague statement, "David made me go to bed." In contrast to her mother's vague statement, the complainant testified in great detail concerning the events of the June 30 assault. She stated that Poulin "put his hands in [her] pants" and stuck "his fingers inside" her vagina. He then "got on top of" her and "made [her] rub his thing." Thus, Sandra's statement was merely cumulative, adding little to the evidence of Poulin's guilt. Moreover, the out-of-court declarant and the complainant, who testified in this case, are one and the same. Defense counsel had ample opportunity to cross-examine the complainant and to impeach her credibility, thereby diminishing the risk that the jury would place undue emphasis on her out-of-court statements. *See State v. Angell,* R.I., 405 A.2d at 14. (Want of confrontation and cross-examination of the out-of-court declarant is a reason "often cited for the need to exclude hearsay"). Given the cumulative nature of

---

**2.** We undertake "independent consideration of the circumstances surrounding" the alleged spontaneous utterance. *State v. Jalette,* R.I., 382 A.2d 526, 530 (1978).

Sandra's hearsay testimony and defense counsel's opportunity to cross-examine the complainant concerning the events of June 30, we conclude that it was not reasonably possible that the statement, "David made me to go bed" influenced the jury on the question of Poulin's guilt. Thus, admission of that statement was harmless error.

Poulin claims that Sandra's allusions to his prior assaults on the complainant were "extraordinarily prejudicial" and that their erroneous admission under the spontaneous-utterance exception to the hearsay rule cannot be regarded as harmless error. He asserts that the statements, "David made me go to bed *again*" (emphasis added) and "it happened a lot of times before," made it appear to the jury as if he had assaulted the complainant on a daily basis.

 We must examine the circumstances surrounding erroneous admission of evidence of prior criminal acts to assess the impact of such evidence on the minds of the jury. *State v. Roderick*, R.I., 403 A.2d 1090, 1092 (1979). The record in this case discloses that at the commencement of trial, defense counsel moved to exclude evidence relating to Poulin's prior assaults on the complainant.[3] The trial justice denied the motion because he considered the prior assaults "interwoven with the crimes * * on trial." He ruled that the jury could infer properly from evidence of prior assaults on the complainant that the charged offenses resulted from a "common plan, scheme, [or] design." He therefore permitted the complainant to testify that Poulin sexually assaulted her on three occasions

prior to February 6, 1976. Subsequently to Poulin's trial, this court ruled that evidence of an accused's prior sex offenses against a particular person may be admitted in a trial involving a sexual offense against that same person to show the accused's lewd disposition or intent. *State v. Jalette*, R.I., 382 A.2d at 533. In apparent recognition of that ruling, Poulin did not appeal from denial of his motion to exclude all evidence of his prior assaults on the complainant. He objects only to the portion of Sandra's testimony that repeats the complainant's out-of-court allusions to those earlier assaults.

Viewed in conjunction with the complainant's testimony, the effect of Sandra's repetition of the statements, "David made me go to bed again" and "it happened a lot of times" was merely cumulative.[4] We do not believe that the jury could have drawn from those statements the "extraordinarily prejudicial" inference that the assaults occurred daily in light of the complainant's prior testimony. Rather, the complainant testified that Poulin assaulted her on only three occasions prior to February 6, 1976. She testified also that Poulin did not touch her between February 6 and June 30. That testimony presented the jury with a clear picture of the frequency of Poulin's assaults.

We observe also that defense counsel had an opportunity to cross-examine the complainant and to impeach the credibility of her in-court account of Poulin's prior assaults. We believe that counsel's extensive cross-examination on the subject of prior assaults substantially lessened the risk, if any, that the jury would draw a prejudicial

**3.** Prior to trial, the state moved to consolidate two criminal informations that charged Poulin with nine separate sex offenses against the complainant. The trial justice granted the motion in part, joining for trial the three counts that alleged offenses on February 6, 1976, and June 30, 1976. As a result, counsel sought to exclude evidence of those earlier offenses charged in the unconsolidated portion of the two informations.

**4.** Poulin relies on *State v. Jalette*, R.I., 382 A.2d 526, 533 (1978) to assert that admission of

"purely cumulative" evidence of prior sex offenses is not harmless error. In *State v. Jalette*, however, we were concerned with the factors a trial judge should consider before admitting evidence of "other crimes"; in this case we must determine whether erroneous admission of such evidence requires reversal. We consider the cumulative nature of evidence of other crimes relevant to an examination of its prejudicial effect. *See State v. Roderick*, R.I., 403 A.2d 1090, 1093 (1979).

inference from repetition of the complainant's out-of-court statement, "it happened a lot of times."

We conclude in light of those circumstances attending admission of Sandra's hearsay testimony concerning prior assaults that it is not reasonably possible that her testimony influenced the jury in its decision to convict. Thus admission of Sandra's testimony constituted harmless error.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case remanded to Superior Court.

DORIS, J., did not participate.