**STATE**

**v.**

**Louis MICHELI.**

**No. 94–315–C.A.**

Supreme Court of Rhode Island.

April 11, 1995.

---

Jeffrey Pine, Atty. Gen., Andrea Mendes, Sp. Asst. Atty. Gen., Aaron Weisman, Asst. Atty. Gen., for plaintiff.

Richard Casparian, Public Defender, Paula Rosin, Asst. Public Defender, for defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on March 13, 1995, pursuant to an order directing the state and the defendant, Louis Micheli, to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case the defendant has appealed from a judgment of conviction in Superior Court of second-degree child molestation.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown. The appeal will be decided on the merits of the case at this time.

The complaining witness in this case is a seven-year-old child. At the time of the incident defendant was a next door neighbor of the child's grandmother. The child spent much time with the grandmother while her mother was at work. The molestation offense occurred in defendant's home.

The defendant contends that the trial justice committed reversible error in allowing the mother to testify to statements the child made to her about the incident. The state concedes that the admission of this hearsay testimony may have been error but that it was harmless error. The fact is that the child did testify herself and it was obvious that the mother used the exact words that the child had spoken to her. The child was also able to testify about many facts regarding her relationship with defendant and the circumstances surrounding the incident.

This court has held that the admission of hearsay evidence is not prejudicial when the evidence is merely cumulative and when defendant's guilt is sufficiently established by proper evidence. *State v. Angell*, 122 R.I. 160, 405 A.2d 10 (1979). Also in *State v. Burns*, 524 A.2d 564 (R.I.1987), and in *State v. Poulin*, 415 A.2d 1307 (R.I.1980), the admission of testimony of a parent in a similar situation was found not to be reversible error. We agree with the state's contention that the admission of this testimony was harmless error.

The defendant next contends that the trial justice erred in precluding counsel from questioning the victim about a situation in which she lied about scratching an automobile. The defendant contends that specific instances of conduct, relating to a witness's character for truthfulness may be inquired into on cross-examination under Rule 608(b) of the Rhode Island Rules of Evidence. That rule prohibits the use of extrinsic evidence to show specific instances of conduct of a witness, for purposes of attacking or supporting the witness's credibility. The rule goes on to state that specific instances of conduct "may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness * * * ." *Id.* The trial justice did not specifically find in so many words that the alleged incident was not probative of the victim's truthfulness; however, in his discussion with counsel it was apparent that that was his thinking.

The defendant also argues error in the trial justice's ruling that, if the defense introduced character witnesses, the state would be allowed to question those witnesses regarding defendant's conviction for threatening a judge. The defendant had pled nolo contendere to that charge and was given probation. The state argues that such cross-examination would be permissible under Rule 404(a)(1) of the Rhode Island Rules of Evidence which allows evidence of a pertinent character trait of an accused to be admitted on rebuttal by the prosecution. The trial justice indicated that if defendant's character

witness testified that defendant possessed a general law-abiding nature, the trial justice would allow, with the proper showing, evidence that the defendant had been placed on probation, in order to rebut that type of testimony. That ruling, in our opinion, comports with Rule 404(a)(1).

The defendant also contends that the trial justice erred in refusing to pass the case when the prosecutor, in his opening remarks, implied that he had witnesses that he did not intend to present. The prosecutor told the jury it would be a short trial and the state would present only two witnesses, although he referred to other potential witnesses, namely police officers, in his opening remarks.

In moving for a mistrial defendant argued that the state had addressed evidence that would not be presented. The motion was denied and the trial justice ruled that during these preliminary stages of the proceedings the jury would most likely not infer that the state had other witnesses to call. A trial justice's decision to deny a motion for a mistrial is given great weight and will not be disturbed on appeal unless it is clearly wrong. *State v. Marrapese*, 583 A.2d 537, 542 (R.I.1990). Remarks made during opening statements do not constitute reversible error unless incurable prejudice is shown. *State v. Ware*, 524 A.2d 1110, 1112 (R.I.1987). The defendant has not shown clear error in this case.

The final issue raised by the defendant concerns the preliminary questioning of the victim without the jury to determine her competency to testify. The defendant pointed out that he had no objection to the witness's competency. The attorney for the state acknowledged that the primary reason for the initial hearing was to help the child feel at ease on the witness stand. The trial justice concluded that under the provisions of G.L.1956 (1981 Reenactment) § 12–28–9, as enacted by P.L.1985, ch. 411, § 2, which addresses the rights of child victims, he would allow this initial hearing to take place. That section of the law is intended "to provide these children [who are victims] with addi-

tional rights and protection during their involvement with the criminal justice system." In the opinion of this court the defendant's rights were not compromised.

For all these reasons the defendant's appeal is denied and dismissed, the judgment of conviction appealed from is affirmed, and the papers of the case are remanded to the Superior Court.