827 So.2d 380 (2002)
Adrian MADDOX, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 3D01-2971, 3D01-2972.
District Court of Appeal of Florida, Third District.
October 9, 2002.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Thomas C. Mielke, Assistant Attorney General, for appellee.
Before JORGENSON, LEVY, and GODERICH, JJ.
PER CURIAM.
Adrian Maddox appeals from his conviction for trespass and petit theft and the consequent revocation of his probation. We affirm the revocation of probation, but reverse the conviction.
In 1993, Maddox was charged with and convicted of burglary of a conveyance. He was then adjudicated a habitual offender and sentenced to seven years in prison followed by three years of probation. On May 22, 2001, while Maddox was serving his probation, an Affidavit of Violation of Probation was filed which alleged that Maddox violated the conditions of his probation by committing the acts described below. The Affidavit was later amended to include additional facts.
On May 18, 2001, Maddox was observed taking pieces of aluminum from a construction *381 area located near a loading dock and placing them into a van. A security guard who observed Maddox called the police and yelled for Maddox to stop, but Maddox pulled away in the van. Before the trial began, the trial court advised Maddox that it would consider the evidence presented at the trial in connection with the pending probation violation charge. There was no objection from the defense.
In his opening statement on the first day of trial, the prosecutor stated that when a responding officer pulled up behind Maddox's van, Maddox stated, "I just f* *ked up." On the next day of trial, a project manager and the security guard testified to the details of what they observed (as described above) and further testified that Maddox was not authorized to be on the construction site. The State then rested. Maddox moved for mistrial based on the fact that the State failed to call the responding officer as a witness after mentioning Maddox's alleged incriminating statement during its opening statement. The trial court denied the Motion, but permitted Maddox to read portions of the officer's deposition which made clear that Maddox's entire statement was: "I just f* *ked up, I thought the stuff I took was garbage." Consequently, Maddox forfeited his right to present the final closing argument. The State emphasized the "incriminating" statement in its final closing argument. The trial court denied Maddox's renewed Motion for Mistrial. Maddox was convicted of the lesser-included offenses of trespass and petit theft. The trial court then requested that Maddox be placed on the calendar for the next day to "conclude the probation violation hearing."
At the probation violation hearing four days later, the trial court took judicial notice of the probation order. The probation officer then testified to some additional facts and requested the trial court to take judicial notice of the trial testimony on the burglary charge, but the trial court indicated that was not necessary since he had heard the testimony. No other witnesses were presented.
The trial court sentenced Maddox to time served on the trespass and petit theft charges. Furthermore, the trial court revoked Maddox's probation and sentenced him to ten years in prison, as a habitual offender, with credit for time served. This appeal followed.
A trial court's ruling on a Motion for Mistrial is subject to an abuse of discretion standard of review, and a mistrial "should be granted only when it is necessary to ensure that the defendant receives a fair trial." Goodwin v. State, 751 So.2d 537, 546-47 (Fla.1999) (citations omitted). In its opening statement, the State discussed an alleged incriminating statement made by Maddox to the responding officer, and then, thereafter, did not call the officer to testify. The foregoing facts prejudiced Maddox because the State basically suggested that there was other evidence in support of its case, but then failed to offer it and subject it to cross-examination by Maddox and evaluation by the jury. See Jackson v. State, 818 So.2d 539, 542 (Fla. 2d DCA 2002). Accordingly, we reverse the conviction and accompanying sentences of time served and remand for a new trial.[1]
However, we affirm the revocation of probation, and the accompanying ten-year sentence that was imposed therewith, based on the fact that prior to the beginning *382 of the trial, the trial court advised Maddox that it would consider evidence presented at the trial in connection with the pending probation violation charge. Having heard the trial judge's statement to that effect, the Record reflects that Maddox, while not affirmatively stating that he agreed, clearly, in effect, agreed by virtue of his acquiescence to the procedure without having voiced any objection thereto. Accordingly, at the formal probation violation hearing held four days after the trial, the trial court was permitted, based on the foregoing and in light of State v. Spratling, 336 So.2d 361 (Fla.1976) (trial of criminal case should not be construed as a probation revocation hearing in the absence of stipulation or consent), to consider the evidence that it heard at the trial as part of the probation violation hearing. As a consequence thereof, the revocation of the probation and the sentence imposed in connection therewith are both affirmed.
Affirmed in part, reversed in part.
NOTES
[1] We are aware that, by virtue of the fact that Maddox was sentenced to time served, the State may elect not to retry him.