LaROSE, Judge.
Deandre Lee Hayes appeals his conviction for first-degree premeditated murder. Only one of the four issues he raises requires reversal. We affirm, without comment, the trial court’s denial of Mr. Hayes’ motions to allow rehabilitation testimony from an impeached witness and to allow evidence concerning the victim’s violence-themed tattoo. We reverse, however, the trial court’s denial of Mr. Hayes’ motion for a mistrial. Although the remaining issue about the premeditation jury instruction is not necessary for our decision, we discuss it merely to assist the trial court on remand.

Mistrial

In opening statement, the State told the jury that it would present evidence that Mr. Hayes admitted his crime to a fellow inmate, Carlos Brim. This promise went unfulfilled; Mr. Brim testified that he recalled no such conversation. Mr. Hayes moved for a mistrial, arguing that the opening statement tainted the jury. The trial court gave a curative instruction but denied the mistrial motion. This was error. See Mills v. State, 875 So.2d 823, 826 (Fla. 2d DCA 2004) (citing Jackson v. State, 818 So.2d 539 (Fla. 2d DCA 2002); Maddox v. State, 827 So.2d 380, 381 (Fla. 3d DCA 2002)).
Although the State titillated the jury with the prospect of a jail-house confession, the State failed to present the evidence for cross-examination and jury evaluation. See Id.; Jackson, 818 So.2d at 542. This failure of proof may have occurred through no fault of the State. Nevertheless, Mr. Hayes was unduly prejudiced; the opening statement created the impression that he had confessed his guilt. Mills, 875 So.2d at 825-26; Jackson, 818 So.2d at 542; Maddox, 827 So.2d at 381. The error was not harmless. The State presented no physical evidence linking Mr. Hayes to the crime. Rather, this case was a credibility contest between the State’s witnesses and Mr. Hayes’ alibi witnesses. See Jackson, 818 So.2d at 542. Accordingly, we reverse and remand for a new trial.

Jury Instruction

Mr. Hayes objected to a jury instruction. Because we are remanding the case for a new trial on another ground, we need not resolve this issue to dispose of Mr. Hayes’ appeal. We discuss the issue briefly, however, to aid the trial court on remand.
*383 The trial court gave the standard jury instruction on first-degree premeditated murder at Mr. Hayes’ trial:
To prove the crime of Premeditated Murder in the First Degree, the State must prove the following three elements beyond a reasonable doubt:
1. [The victim] is dead.
2. The death was caused by the criminal act of DeAndre Hayes.
3. There was a premeditated killing of [the victim].
[[Image here]]
“Killing with premeditation” is killing after consciously deciding to do so. The decision must be present in the mind at the time of the killing. The law does not fix the exact period of time that must pass between the formation of the premeditated intent to kill and the killing. The period of time must be long enough to allow reflection by the defendant. The premeditated intent to kill must be formed before the killing.
(Emphasis added.)
During deliberations, the jury asked the trial court to define the phrase “consciously deciding to do so.” Over Mr. Hayes’ objection, the trial court instructed the jury that it meant “deliberately done; subjectively known; aware of one’s thoughts.” Mr. Hayes argues that this additional instruction permitted the jury to convict him based upon evidence that did not meet the definition of first-degree premeditated murder.
Where a jury asks for clarification, the trial court has discretion to “clarify a point of law with a brief, clear response.” Perriman v. State, 731 So.2d 1243, 1246-47 (Fla.1999). We will not reverse a trial court’s decision to give a particular instruction “unless the error complained of resulted in a miscarriage of justice, or where the instruction ... was reasonably calculated to confuse or mislead the jury.” Reyka v. Halifax Hosp. Dist., 657 So.2d 967, 969 (Fla. 5th DCA 1995). Of course, a trial court does not necessarily err in giving the jury an expanded, yet legally accurate, definition of premeditation. Kearse v. State, 662 So.2d 677, 682 (Fla.1995). “Deliberately done” is an accurate statement of the law. See Floyd v. State, 850 So.2d 383, 397 (Fla.2002) (deliberate selection and transportation of gun to victim’s home was consistent with conscious purpose to kill); Knowles v. State, 864 So.2d 1262, 1266 (Fla. 2d DCA 2004) (“focused and deliberate” actions were consistent with premeditation). The terms “subjectively known” and “aware of one’s thoughts,” however, are less concrete and do not necessarily convey the requisite element of an intent to kill. Thus, the trial court’s additional instruction reasonably might have misled or confused the jury.
Reversed and remanded.
CANADY and WALLACE, JJ., Concur.