May 23, 2017

**Supreme Court**

No. 2015-43-Appeal.
(PM 13-1919)

Yara Chum                   :

        v.                  :

State of Rhode Island.      :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Yara Chum                         :

v.                                :

State of Rhode Island.            :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Indeglia, for the Court.**  Yara Chum (Chum or applicant), appeals the denial of his application for postconviction relief.  This case came before the Supreme Court on May 2, 2017, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After hearing the arguments of counsel and reviewing the memoranda of the parties, we are satisfied that cause has not been shown.  Accordingly, we shall decide the appeal at this time without further briefing or argument.  For the reasons set forth herein, we affirm the judgment of the Superior Court.

### I

### Facts and Travel

The facts underlying this case are set forth in State v. Chum, 54 A.3d 455, 457 (R.I. 2012), where this Court affirmed Chum's conviction for two felony counts of assault with a dangerous weapon and one count of discharging a firearm while committing a crime of violence.  Distilled to its essence, this case involves "a drug deal gone awry."  Id.  On March 1, 2009, Frances Meseck, Jr. met Matthew DePetrillo to sell him marijuana.  DePetrillo, accompanied by another man, entered Meseck's car.  While examining the marijuana, DePetrillo's companion

jumped out of the vehicle and ran off with it. While Meseck drove after the companion, DePetrillo jumped out of the vehicle.

In an attempt to avenge the thievery, Meseck and his friend, James Monteiro, vandalized the home of DePetrillo's friend, Erin Murray. Upon learning about the vandalism, DePetrillo called Meseck and threatened "to kick in [his] door with a .44 and shoot [him]." Meseck called the other residents of his household, Monteiro, James McArdle, and Lorenzo Saraceno, to warn them of DePetrillo's threat. Sitting outside on the house's porch, Monteiro, McArdle, and Saraceno observed two Asian males approach, who were later identified as Chum and Samnang Tep. After the two groups exchanged words, Chum told Tep to shoot the men and Tep fired a shot at the porch, which hit the porch railing. Tep and Chum then fled the scene.

Chum was subsequently charged with two counts of felony assault with a dangerous weapon, one count of conspiracy to commit assault with a dangerous weapon, one count of carrying a firearm while committing a crime of violence, and one count of discharging a firearm while committing a crime of violence.[1] After a Providence Superior Court jury found Chum guilty, the trial justice sentenced him to ten years on each of the felony assault counts, to be served concurrently, and ten years on the firearm count, to be served consecutively with five years to serve and five years suspended, with probation.

On April 16, 2013, Chum filed a pro se application for postconviction relief, and counsel was thereafter appointed. In support of his application, Chum argued that he had ineffective assistance of counsel because his trial attorney failed to move for a mistrial after the state

---

[1] After the state rested its case, the trial justice sua sponte entered a judgment of acquittal pursuant to Rule 29(a)(1) of the Superior Court Rules of Criminal Procedure on the conspiracy count. The state dismissed, under Rule 48(a) of the Superior Court Rules of Criminal Procedure, the count of carrying a firearm while committing a crime of violence.

mentioned Chum's statement to the police during its opening statement, but did not introduce it into evidence.[2]  Specifically, Chum referenced the following statement by the prosecutor:

> "I told you we'd prove this case with witnesses; we'd also prove it with the defendant's words himself, because, when the detectives came to the Cranston Police Department, they read him his rights and sat down and talked to him.  And the defendant told him that he was contacted by Erin [Murray] and told that she needed him to take care of something; that she wanted them to take care of some kid named Frankie for smashing her windows; that he drove down to Peach Avenue with Matthew DePetrillo and Erin [Murray] so that they could point out the house; that he approached the house with a friend, Vang Chhit; that he approached some guys on the porch; that he ordered Chhit to shoot the guys; that Erin [Murray], Matthew DePetrillo and Samnang Tep were in a different car waiting around the corner; and that he and Chhit fled in separate cars, one red, and one white.  You'll hear that.  You'll hear about the defendant giving that statement to the Providence Police."[3]

On December 1, 2014, the same trial justice entered a judgment and a written decision that denied Chum's postconviction-relief application.[4]  He rejected the argument that Chum had ineffective assistance of counsel because of his trial attorney's failure to seek a mistrial or a curative instruction after the prosecutor's comment during the state's opening statement.  The trial justice found this assertion meritless because the prosecutor's statement was not made in bad faith.  Additionally, the trial justice noted that he gave cautionary instructions to the jury on four occasions.[5]  The trial justice stated that, regardless, he would not have granted a mistrial

---

[2] We note that Chum filed a pretrial motion to suppress the statement he made to the police following his arrest.  After a hearing on that motion, the trial justice denied it, finding that Chum voluntarily and freely spoke to the police.

[3] The state's evidence at trial demonstrated that Tep was the shooter, despite the prosecutor's comment that Chum's statement identified Chhit as the shooter.  State v. Chum, 54 A.3d 455, 459 n.4 (R.I. 2012).

[4] The parties waived a hearing and oral argument, so the trial justice decided the matter on the "pleadings."

[5] Specifically, the four cautionary instructions that the trial justice gave to the jury were:  (1) "I tell you now, and I probably will remind you before this case is over, the statements of lawyers are not evidence"; (2) "I told you before we started, ladies and gentlemen, that the statements of

- 3 -

even if the trial attorney had requested one. Accordingly, the trial justice concluded that "[g]iven the overwhelming other evidence of Chum's guilt, coupled with this Court's repeated cautionary admonitions to the jury, trial counsel's purported error, if it was error at all, does not satisfy the high [Strickland v. Washington, 466 U.S. 668 (1984)] standard."

The applicant appealed to this Court on December 16, 2014.[6] On appeal, Chum maintains that the trial justice erred in denying his application for postconviction relief because he had ineffective assistance of counsel. In support of this contention, Chum submits that his trial attorney failed to act when the prosecutor discussed Chum's statement to the police during the state's opening statement but did not introduce it into evidence.[7] Chum maintains that this deficiency prejudiced him in his trial and conviction.

---

lawyers are not evidence"; (3) "I told the jury earlier, when we started this trial, that statements are [sic] lawyers are not evidence"; and (4) "Counsel will now address you, and I, again, remind you of what I said before, and that is that their statements and their arguments are not evidence. If the lawyer says something that doesn't correlate with your memory, it's your memories that count, not the memories of counsel."

[6] We note that, on June 19, 2015, G. L. 1956 § 10-9.1-9 was amended to require a party seeking review of a final judgment entered in a post-conviction relief proceeding to file a petition for writ of certiorari to this Court.

[7] In Chum's application for postconviction relief, he raised additional arguments alleging ineffective assistance of counsel that he does not press on appeal. Specifically, he cites his trial attorney's failure to: move for a judgment of acquittal pursuant to Rule 29; object to the trial justice's instruction on the count of aiding and abetting; and move to reduce his sentence pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure.

In the trial justice's decision, he found that Chum was not prejudiced by the trial attorney's failure to move for a judgment of acquittal because the trial justice raised it sua sponte. With respect to Chum's challenge to the aiding-and-abetting instruction, the trial justice noted that it was both "permissible" and "commonplace" to include that instruction. He determined that the trial attorney's failure to move to reduce Chum's sentence was not ineffective assistance of counsel because the attorney was appointed for trial, not for postconviction or postsentencing matters and, nevertheless, he would not have granted such a motion.

## II

## Standard of Review

When we review an application for postconviction relief, "[t]his Court will not impinge upon the fact-finding function of a hearing justice * * * absent clear error or a showing that the [hearing] justice overlooked or misconceived material evidence in arriving at those findings." Tempest v. State, 141 A.3d 677, 682 (R.I.), reargument denied, 150 A.3d 179 (R.I. 2016) (quoting State v. Thornton, 68 A.3d 533, 539 (R.I. 2013)). We review de novo "questions of fact or mixed questions of law and fact pertaining to an alleged violation of an applicant's constitutional rights * * * ." Id. (quoting Thornton, 68 A.3d at 539). Even when employing a de novo review, "we still accord a hearing justice's findings of historical fact, and inferences drawn from those facts, great deference * * * ." Id. (quoting Thornton, 68 A.3d at 540).

## III

## Discussion

It is well settled that claims of ineffective assistance of counsel are evaluated under the two-prong test set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984). Under the first prong of this analysis, "an applicant for postconviction relief first 'must establish that counsel's performance was constitutionally deficient; [t]his requires [a] showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed * * * by the Sixth Amendment.'" Reyes v. State, 141 A.3d 644, 654 (R.I. 2016) (quoting Bido v. State, 56 A.3d 104, 110-11 (R.I. 2012)). "This prong can be satisfied only by a showing that counsel's representation fell below an objective standard of reasonableness." Lipscomb v. State, 144 A.3d 299, 308 (R.I. 2016) (quoting Bell v. State, 71 A.3d 458, 460 (R.I. 2013)). Under the second prong of Strickland, an applicant must

"demonstrate prejudice emanating from the attorney's deficient performance such as to amount to a deprivation of the applicant's right to a fair trial." Lipscomb, 144 A.3d at 308 (quoting Bell, 71 A.3d at 460). "This prong is satisfied only when an applicant demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (quoting Bell, 71 A.3d at 460).

The "general rule" is that "a prosecutor's remarks during opening statements 'do not constitute reversible error unless incurable prejudice is shown.'" State v. Perry, 779 A.2d 622, 628 (R.I. 2001) (quoting State v. Micheli, 656 A.2d 980, 982 (R.I. 1995)); see also State v. Ware, 524 A.2d 1110, 1112-13 (R.I. 1987) (concluding that there was no incurable prejudice by the prosecutor's opening statement that referenced a witness who did not testify because the prosecutor did not act in bad faith and there was "ample independent evidence" to find the defendant guilty). Chum maintains, however, that his trial attorney's inaction in response to the prosecutor's opening statement "fell below the objective standard of reasonableness and prejudiced the defense * * * ."

As we acknowledged in Chum's direct appeal, "when, as in this case, a prosecutor makes an unfulfilled promise in opening statement about the evidence that will be put before the jury, a criminal defendant has several avenues available to address the issue." Chum, 54 A.3d at 461. Specifically, the trial attorney can: (1) "remind the jury during closing argument that the prosecutor promised that certain evidence would be admitted and that the evidence never materialized"; (2) seek a mistrial; or (3) request a curative instruction. Id. Chum asserts that his trial attorney's failure to use any of these available recourses constituted ineffective assistance of counsel. While this Court previously acknowledged that Chum's trial attorney failed to utilize

- 6 -

any of these three potential remedies, we nevertheless find no error in the trial justice's determination that the attorney's failure did not meet the requirements of the Strickland test.

Without any Rhode Island jurisprudence squarely addressing the narrow issue before us—that being whether a prosecutor's reference to an admission in an opening statement and subsequent failure to introduce it into evidence amounts to incurable prejudice—Chum cites cases from our sister states on the issue. See generally Hayes v. State, 932 So.2d 381 (Fla. Dist. Ct. App. 2006); People v. Tenny, 586 N.E.2d 403 (Ill. App. Ct. 1991). The cases cited, however, are distinguishable from the instant matter. See Hayes, 932 So.2d at 382 (The District Court of Appeal of Florida concluded that the prosecutor's opening-statement reference to the defendant's confession and subsequent failure to introduce it into evidence was error where there was no physical evidence that implicated the defendant.); Tenny, 586 N.E.2d at 409, 412 (During opening statements, the prosecutor referenced the defendant's statement to the police, which prompted the defendant's attorney to discuss the statement and certain facts therein. The Appellate Court of Illinois deemed the prosecutor's failure to introduce the statement prejudicial because the prosecutor's closing argument referred to the defense attorney's comments as concessions.).

Here, however, there was no prejudice because, as the trial justice correctly found, "[t]he evidence of Chum's complicity in this joint venture was overwhelming." There were three eyewitness identifications of Chum from the three men (McArdle, Saraceno, and Monteiro) who were at the household when the shooting occurred.[8] Additionally, although the trial attorney did not request a curative instruction, the trial justice instructed the jury on numerous occasions that

---

[8] Chum maintains that the evidence against him was "hardly overwhelming" because it relied on the aforementioned eyewitness cross-racial identifications from three witnesses who had criminal records. We note that Chum concedes that his trial attorney did not challenge the identification procedure, and moved to pass his motion to suppress the identifications.

the arguments of counsel were not evidence. Despite Chum's assertion that these instructions were inadequate to lessen the harm of the prosecutor's opening statement, this Court previously deemed them to be proper. Chum, 54 A.3d at 461. Further, "[i]t is well settled that this Court presumes that the jury follows a trial justice's adequate cautionary instruction." Id. Finally, the trial attorney's failure to move for a mistrial was not prejudicial because the trial justice, in denying Chum's application for postconviction relief, stated that he would not have granted a mistrial even if the attorney had so moved. Accordingly, Chum has failed to meet his burden of establishing ineffective assistance of counsel entitling him to postconviction relief.

## IV

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The record may be remanded to that tribunal.

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Yara Chum v. State of Rhode Island. |
| **Case Number** | No. 2015-43-Appeal. (PM 13-1919) |
| **Date Opinion Filed** | May 23, 2017 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Gilbert V. Indeglia |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Robert D. Krause |
| **Attorney(s) on Appeal** | For Applicant: Camille A. McKenna Office of the Public Defender |
| | For State: Aaron L. Weisman Department of Attorney General |