## Huff v. Diebold, Sheriff.

October 13, 1950.

J. L. Vest, Special Judge.

656

Stuard Wegener for appellant.

Wm. J. Wise, Commonwealth's Attorney, A. E. Funk, Attorney General, John B. Browning, Assistant Attorney General, for appellee.

Judge Rees—Affirming.

Gene Huff appeals from a judgment of the Campbell Circuit Court dismissing his petition for a writ of habeas corpus.

On May 6, 1950, Huff and three others were indicted for receiving stolen property. Each of the defendants entered a plea of not guilty, but later withdrew the plea and entered a plea of guilty. On June 16, 1950, a jury fixed the punishment of each at confinement in the State Reformatory for a term of three years, and on the same day the court entered an order postponing rendition of

judgment and placing each of the defendants on probation for a period of five years. On July 5, 1950, the Commonwealth's Attorney filed a motion to require Gene Huff to appear and show cause why the probation should not be revoked, and on July 17, 1950, the court, after finding that Huff had violated the terms of his probation, set aside the order of June 16 probating him and adjudged that he be confined in the Kentucky State Reformatory for a period of three years. He was taken to the State Reformatory located at La Grange, in Oldham County, and soon thereafter a petition for a writ of habeas corpus was filed. On July 27, 1950, the Judge of the Oldham County Court, the Circuit Judge being absent from the county, issued a writ of habeas corpus on the ground that Huff was not in the legal custody of the warden of the State Reformatory since the order of the Campbell Circuit Court under which he was held had not been signed. It was ordered that the petitioner be admitted to bail in the sum of $500 "to appear in the Campbell Circuit Court on the first day of its next Regular Term for the purpose of said Court entering a properly signed order nunc pro tunc or otherwise disposing of said matter in the Court's discretion." On July 31, 1950, a notice was served on Huff to appear in the Campbell Circuit Court on August 4 to show cause why the probation should not be revoked and the order thereon signed by the Judge of the Campbell Circuit Court. On August 1, 1950, the order of July 17, 1950, revoking the probation was signed by the Judge of the Campbell Circuit Court, and on August 4 the hearing on the motion to show cause was continued by agreement, to August 11, 1950, when an order was entered which reads in part: "After consideration of the matter the Court finds that subsequent to July 17, 1950, and prior to August 4th, 1950, to wit: on August 1st, 1950, the Judgment entered on page 151 of Order Book 116, of the Campbell Circuit Court, was signed by the regular Judge of the Campbell Circuit Court. The Court is of the opinion that said Judgment became a Judgment of record as of the date it was signed, and it is now Ordered, pursuant thereto, that a certified copy of said Judgment be placed in the hands of the Sheriff, who shall deliver the defendant, Gene Huff, to the Institution at La Grange, Kentucky, and make a proper return of the execution of said Judgment to the Clerk of the Campbell Circuit

Court, to all of which the defendant, Gene Huff, objects and excepts.''

The order recited that on July 17, 1950, Gene Huff appeared in the Campbell Circuit Court pursuant to a notice to show cause why probation extended to him on June 16 should not be revoked; that he was represented by counsel; that a hearing was held, and at the conclusion thereof an order was entered setting aside the order of probation. On the same day this order was entered, to wit, August 11, 1950, Huff filed a petition for a writ of habeas corpus in the Campbell Circuit Court. The regular Circuit Judge, on his own motion, vacated the bench, and Hon. John L. Vest was appointed Special Judge to try the case. Judgment was entered dismissing the petition, and from this judgment the present appeal is prosecuted.

Appellant contends that a writ of habeas corpus should have been issued because (1) no new proceedings were had in the Campbell Circuit Court as required by Section 423 of the Criminal Code of Practice after he had been admitted to bail by the Oldham County Court and returned to Campbell Circuit Court for further proceedings; (2) the court erred in excluding testimony to show that no hearing was conducted nor evidence heard prior to the entry of the order revoking the probation; and (3) the minute book of the clerk was not signed by the Judge.

When the Oldham County Court issued a writ of habeas corpus, the only defect found in the prior proceedings in the Campbell Circuit Court was the failure of the Circuit Judge to sign the judgment revoking the probation and sentencing appellant to the State Reformatory. The Oldham County Court admitted appellant to bail and referred the matter back to the Campbell Circuit Court. Section 423 of the Criminal Code of Practice provides that upon the trial of a habeas corpus, if the Judge shall be of opinion that the prisoner has been guilty of a crime and that the proceedings against him are so defective that he cannot be detained upon them the judge shall admit him to bail, if he be entitled to bail, to appear at the court having jurisdiction over the case for new proceedings to be had against him. Here, the only defect in the proceedings was the failure of the Circuit Judge to sign the judgment under which he

was being held, and when the judgment was signed by the Judge on August 1, 1950, it became effective and no further proceedings were necessary under section 423 of the Criminal Code of Practice.

KRS 439.050 provides that when a probated defendant has been arrested for violating any of the conditions of probation, the court, after a hearing, may revoke the probation and shall proceed to deal with the case as if there had been no probation. It is appellant's contention that the court erred in the habeas corpus proceeding in refusing to admit evidence that no hearing was held when the judgment was entered revoking the probation and sentencing appellant to the reformatory. In the proceeding to set aside the order of probation and to sentence appellant, who had been convicted under a plea of guilty, the Campbell Circuit Court had jurisdiction of the person of the accused and the subject matter. Any error in the proceeding could be remedied on appeal. Blusinsky v. Commonwealth, 284 Ky. 395, 144 S. W. 2d 1038. The judgment was not void, but, at the most, was erroneous if appellant's contention is true. The writ of habeas corpus does not lie to correct mere errors or irregularities in the proceedings of a trial court which are not jurisdictional. As said in Smith v. Buchanan, 291 Ky. 44, 163 S. W. 2d 5, 7, 145 A. L. R. 813: "The learned trial judge correctly held that the writ of habeas corpus does not lie, except only to relieve the petitioner of a sentence imposed upon him as a punishment for his committed crime when the judgment is invalid to the extent of rendering it void, and when the invalidating defects are shown in the record of the trial."

The court's failure to sign the clerk's minute book does not render the judgment void. The judgment spread upon the order book was the essential entry, and when this was signed it became a valid judgment. It was said in Johnson v. Commonwealth, 80 Ky. 377, that the signing of the minutes by the circuit judge does not give the minute book the force of a record, but when the notes made by the clerk in his minute book are written out at length on the order book and signed by the judge they constitute the proper records of the court.

We conclude that the court properly overruled appellant's motion for a writ of habeas corpus, and the judgment accordingly is affirmed.