Joseph R. LANHAM, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 2, 1962.

Joseph R. Lanham, pro se.

John B. Breckinridge, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

Appellant is a prisoner in the Kentucky State Reformatory at La Grange. He appeals from a judgment of the Oldham Circuit Court dismissing his petition for a writ of habeas corpus.

The petition shows that in 1952 appellant pleaded guilty in the Jefferson Circuit Court to a charge of storehouse breaking and his punishment was fixed at 5 years' imprisonment. The order finding him guilty and setting the penalty provided additionally as follows:

> "On motion of the Commonwealth's attorney and the defendant, it is ordered by the Court that the rendition of the judgment in this case be and it is withheld on condition that the defendant remain on his good behavior and refrain from any similar trouble for a period of ten years. It is further ordered that the defendant live up to the agreement as set out on the back of the indictment."

In 1959 the Jefferson Circuit Court, on motion of the Commonwealth, revoked

appellant's probation and formally sentenced him to 5 years in prison. The order or judgment so doing recites that appellant was present in person and by counsel, but does not reveal whether a "hearing" was held. He says not, and since this allegation was not denied we must assume it is true. At most, however, such a defect is not jurisdictional and is remediable by appeal. It cannot be reached by habeas corpus. Huff v. Diebold, 1950, 313 Ky. 655, 233 S.W.2d 274, 276.

The main argument is that the Jefferson Circuit Court had no power to extend the period of probation beyond the maximum length of time appellant could legally have been imprisoned, which, for storehouse breaking, was 5 years. KRS 433.190.

By chapter 101, § 3, Acts of 1956, now KRS 439.270, it was provided that in no case may the period of probation exceed 5 years. This legislation did not affect orders of probation theretofore entered. Taylor v. Asher, Ky.1958, 317 S.W.2d 895. At the time appellant's sentence was probated there was no statutory limit, and we are of the opinion that extension of the probationary period 5 years beyond the time in which the appellant could have completed a prison sentence was not so unreasonable as to transgress any constitutional safeguards, whether state or federal. We are cited neither to precedent nor to any good reason for holding that the maximum statutory term of imprisonment limits the permissible scope of probation.

As the petition on its face did not show probable cause to believe appellant was unlawfully held the circuit court correctly sustained the motion to dismiss.

Judgment affirmed.