Timothy Dawson BLANTON, Appellant,

v.

Debra Lou CASTLE, Appellee.

Court of Appeals of Kentucky.

Feb. 20, 1970.

Eugene C. Rice, Paintsville, for appellant.

J. K. Wells, Paintsville, for appellee.

MILLIKEN, Judge.

This is an appeal from a judgment of the Johnson Circuit Court dismissing as untimely an appeal of a county court judgment, rendered under the Uniform Paternity Act, (KRS Chapter 406), to the circuit court which our governing statute (KRS 406.051) declares may be had to the cir-

cuit court "If prosecuted within sixty days from the date of judgment". The appeal to the circuit court was taken on June 10, 1969, so it is necessary to determine the effective date of the county court judgment before it can be determined whether the appeal to the circuit court was taken in time. To avoid confusion we point out that the appellant and appellee in the circuit court occupy their same positions on the appeal to this court.

The documentary judgment of the county court was dated February 20, 1969, but the appellee states "it is true that the judgment in this case (in the county court) was not recorded on the Civil Order Book until June 1969, and was therefore not signed in the Order Book by the judge of the Johnson County Court until that time, but states that the Judgment and Order overruling the motion for new trial were both signed by the judge pro tem of the Johnson County Court for entry in April 1969, that in June 1969, the judge pro tem of the Johnson County Court and the clerk of Johnson County entered the Judgment and Order overruling the motion and grounds for new trial nunc pro tunc as of April 3, 1969, apparently on the court's own motion. The validity of such nunc pro tunc entry has not been attacked by defendant and are conclusive of an entry of the judgment as of April 3, 1969."

In 1967, in Department of Highways v. Stamper, Ky., 424 S.W.2d 821, we held that the time for filing an appeal from a county court judgment is computed from the date on which the Order Book was signed by the judge of the county court. Although the Johnson County Court apparently treated its judgment as having been made on February 20, 1969, or at the latest, April 3, 1969, the date it overruled appellant's motion for a new trial, we cannot accept either of those dates as the one from which the sixty-day period for appeal may be calculated. The date of the county court judgment for appeal purposes was the date in June 1969, when the Order Book was actually signed by the judge. See M. S. S.

Enterprises, Inc. v. Louisville Gas and Electric Company, Ky., 445 S.W.2d 425, which was rendered after the appeal in the case at bar was filed, and which requires us to reverse the judgment.

The judgment is reversed.

All concur.