Lawrence Fats SPEARS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Jan. 22, 1971.

H. K. Spear, Joseph A. Montgomery, Somerset, for appellant.

John B. Breckinridge, Atty. Gen., David E. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

REED, Judge.

Lawrence "Fats" Spears is again enmeshed in the toils of the law. A jury convicted him of violation of KRS 242.230 (illegal traffic in intoxicating liquor in local option territory). The penalty the jury assessed was two years in the penitentiary. The penalty was permissible under KRS 242.990(1) since the Commonwealth charged Spears with two previous convictions of violation of the same statute and this was his third offense.

This appeal by Spears from a judgment entered in accordance with the jury's verdict confines itself to one primary issue. That issue is whether the prosecution properly proved the two previous convictions on which the enhanced penalty for the present violation was based. We affirm the judgment.

In January 1970 Spears was arrested for a violation of KRS Chapter 242. Sixty-seven pints of assorted whiskey and twenty-seven pints of assorted vodka were found in his home. He had a reputation for being engaged in the illegal whiskey business. No serious issue is raised by the appellant concerning the sufficiency of the proof of his guilt of the last charged violation. It appeared he had been convicted in July 1952 of a violation of the same statute in the Pulaski Quarterly Court, and thereafter was convicted in July 1958 in the same court for another such offense.

Spears complains that the order book of the Pulaski Quarterly Court in which the July 1952 judgment was record-

ed was not signed until the trial for the 1970 violation. The judge of the Pulaski Quarterly Court signed the 1952 order book over the objection of Spears. Spears asserts that this constituted prejudicial error and relies upon Blanton v. Castle, Ky., 450 S.W.2d 818 (1970). That case, however, dealt with the procedural effect of nonsignature of a quarterly court order book on the appealability of a judgment recorded therein. Green v. Commonwealth, Ky., 413 S.W.2d 329 (1967), is dispositive of the argument of Spears in the aspect in which it is presented. In the Green case we held in a prosecution identical with the one with which we are here concerned that the question is not whether the quarterly court judgment is procedurally perfect. When the judge of the Pulaski Quarterly Court signed the order book the 1952 conviction became valid for all purposes and adequately evidenced the conviction of Spears for the offense recited therein. No question of the judgment's finality is presented. The prosecution proved that it had been appealed and upheld a long time before the present trial.

 The only other argument Spears presents is that although a sufficient judgment of the Pulaski Quarterly Court evidencing his conviction in 1958 was admitted in evidence, the warrant on which the prosecution was based was not introduced. Since the judgment itself was adequate to show the fact and character of the 1958 conviction of Spears of a violation of KRS Chapter 242, it was unnecessary and, indeed in some instances, could be prejudicial to the accused to admit the warrant on which the prosecution was based. The jury in the case concerning the 1970 violation did not have a right to retry either the 1952 violation or the 1958 violation; the validity of the warrant on which either of the prior prosecutions was based was not in issue. Only where the prior judgment is inadequate to demonstrate essential elements to evidence the defendant's conviction of the prior offense is it proper for the prosecution to introduce the indictment or warrant on which the prior offense was based. Cf. Dunnington v. Commonwealth, 231 Ky. 327, 21 S.W.2d 471 (1929). The prosecution for the later offense may not be converted into a collateral attack on the procedural validity of the prior final judgments.

We have addressed ourselves to the only two contentions made by Spears to sustain his argument that prejudicial error was committed in the manner in which the Commonwealth proved his two previous convictions of violation of the local option law. We find no merit in either of his contentions.

The judgment is affirmed.

All concur.