**George DUFF, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 26, 1971.

Lester H. Burns, Jr., R. Cletus Maricle, Burns & Maricle, Manchester, for appellant.

John B. Breckinridge, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

George Duff prosecutes this appeal by motion, KRS 21.140(2), from a judgment on a verdict finding him guilty as a second offender under the local-option law (KRS Chapter 242). His punishment was fixed at a fine of $200 and by imprisonment in the county jail for ninety days.

Appellant presents seven assorted grounds of error, some of which are sub-

divided. Without prior enumeration of them, the assertions of error will be discussed after a resume of the facts.

On October 1, 1969, one Scott Collins made an affidavit before Clay County Judge Charles H. White in which it was alleged that Duff illegally possessed beer in Clay County. The affidavit described the location of the contraband as within a building in the county controlled by Duff and: "Being the last house up hollow above where Robinsons live on right of road as you go toward Barbourville, Ky., a flat roofed house with burnt (sic) metal roof. * * * The old house has big lock on door, and no windows in same." The affidavit recited that the affiant had accompanied Duff to the premises on Sunday, September 29, 1969, and he had seen beer stored there.

The county judge issued a search warrant October 1, 1969, describing the premises in keeping with the affidavit. Armed with the warrant, officers searched the premises on the same day and seized 103 cases of beer located there. The officers took the affiant, Scott Collins, with them on the search.

■ The court permitted Scott Collins to testify that he had helped Duff unload the beer at the premises. Appellant contends that the admission of such evidence violated the rule prohibiting evidence of other crimes. But, the evidence was clearly admissible, indeed virtually required, for the purpose of demonstrating Duff's connection with the contraband material. Marcum v. Commonwealth, Ky., 411 S.W. 2d 462, 464. Thus, it was appropriate for the Commonwealth to present such evidence, even though it related to Duff's illegal activities. All of this was interwoven into the crime for which he was being tried. Cf. Walker v. Commonwealth, Ky., 426 S.W.2d 467; Rose v. Commonwealth, Ky., 422 S.W.2d 130.

■ As his next ground for reversal, appellant contends that there was not even a scintilla of evidence tending to show that the beer was subject to his control, ownership, or management. The evidence of Scott Collins in this regard furnished far more than a scintilla of proof on this point. This evidence, considered with other proof of appellant's bad reputation respecting violations of the liquor laws, was adequate to create a jury issue as to his proprietary connection with the beer. It was not necessary to establish appellant's legal title to the premises on which the beer was found.

■ Next, appellant urges that there was a failure of the indictment, evidence, and instructions to make clear that the alleged second violation of the local-option law occurred subsequently to the commission and conviction of the first alleged violation. The indictment charged a liquor law violation assertedly committed on or about October 1, 1969. This was charged as being:

"* * * second offense, former conviction: Clay Circuit Court Indictment #8109 June 7, 1956, fined $40.00 sentenced 30 days in jail * * *."

The allegation was sufficient. RCr 6.10 (2). The evidence on this point was enough. The circuit court clerk testified concerning the court record reflecting the first conviction, showing that the judgment of conviction was entered June 7, 1956. As in Green v. Commonwealth, Ky., 413 S.W.2d 329, the long lapse of time between the conviction of the first misdemeanor and the second was abundantly sufficient to warrant the jury's finding of the required sequence.

■ The instructions, however, failed to comply with the prevailing rules. This the Commonwealth concedes. Reversal is required because of admitted error in the instructions, which failed to require a finding that the beer was possessed for sale, and did not properly submit the sequence as to the prior offense. Upon a new trial, these irregularities will be corrected. Cf.

Marcum v. Commonwealth, Ky., 398 S.W. 2d 886, and cases there cited. Also, the instructions should require a finding that the prime offense was committed in Clay County and within twelve months next before the finding of the indictment.

The opinion will not be further extended to enumerate the numerous other complaints about the instructions, since none of the alleged irregularities likely will recur.

■ Appellant attacks the sufficiency of the search warrant, charging that its signer was not a reputable citizen and that the description of the premises was defective.

KRS 242.370(1) requires that the affiant must be a "reputable citizen" before a search warrant shall be issued in local-option cases. Scott Collins is charged with failing to qualify as a "reputable citizen," because he was only seventeen years old, unlettered, and evinced some lack of average intellect. The magistrate had all of this before him when he took the affidavit and found probable cause to issue the search warrant. There is not sufficient showing on the record to warrant quashing the search warrant on the claim that it was issued on the affidavit of one not a "reputable citizen."

■ There were some discrepancies between the description of the premises contained in the affidavit and search warrant and the description furnished by the officers making the search. No useful purpose would be served by reciting them. It is enough to observe that the basic descriptive data contained in the affidavit and warrant were sufficient when the warrant was carried out, so that the officers went to the proper place. Even though Scott Collins did accompany them on the search, it must be presumed that they recognized the premises so located as identical with those described in the search warrant, despite the minor variances in descriptions. Cf. Commonwealth v. Martin, Ky., 280 S.W.2d 501, and authorities there discussed.

■ A final charge of error is that the court should have limited reputation evidence (as to appellant's being a violator of the local-option laws) to a reasonable time immediately preceding the date of the alleged offense. Upon another trial, if such evidence is offered, the court will so limit the evidence upon proper request. Hatfield v. Commonwealth, Ky., 395 S.W.2d 768.

The motion for appeal is sustained; the judgment is reversed for further proceedings consistent with the opinion.

All concur.