Bert HOUSE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 7, 1971.

Lester H. Burns, R. Cletus Maricle, Manchester, for appellant.

John B. Breckinridge, Atty. Gen., David E. Murrell, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

■ Bert House appeals from a judgment sentencing him to one year in prison pursuant to a verdict finding him guilty of a local option violation with two previous convictions. KRS 242.230, 242.990(1). It is conceded that the instruction relating to the previous convictions was erroneous in its failure to require that each successive offense had been committed after conviction of the previous one. See Rodgers v. Commonwealth, Ky., 399 S.W.2d 299 (1966); Marcum v. Commonwealth, Ky., 398 S.W.2d 886 (1966); Thomason v. Commonwealth, Ky., 322 S.W.2d 104 (1959); Gossett v. Commonwealth, Ky., 295 S.W.2d 338 (1956); Satterly v. Commonwealth, Ky., 437 S.W.2d 929 (1969). For that reason the judgment must be reversed.

Other points raised on appeal which may be encountered again upon a retrial of the case are as follows:

■ 1. Count III of the indictment, specifying the second of the two previous convictions, alleges that the *conviction* was subsequent to the first conviction but does not say whether the offense was *committed* subsequent to the first conviction. This would have been a fatal deficiency before the Rules of Criminal Procedure were adopted but is not so under RCr 6.10(2). Cf. Ross v. Commonwealth, Ky., 384 S.W. 2d 324 (1964); Brown v. Commonwealth, Ky., 378 S.W.2d 608, 610, 14 A.L.R.3d 1330 (1964); Duff v. Commonwealth, Ky., 464 S.W.2d 264, 266 (1971); Roberts v. Commonwealth, Ky., 467 S.W.2d 121 (decided April 2, 1971). If an indictment identifies the previous offenses and gives the dates of the convictions it is sufficiently informative to satisfy the objective of the rule. It is not necessary that an indictment meet

the degree of specificity required of instructions given to the jury.

■ 2. Instruction No. 2 included language to the effect that if the jury believed from the evidence beyond a reasonable doubt that the defendant had been twice previously convicted of local option offenses *"as shown in the evidence herein"* (emphasis added) and that those convictions preceded his commission of the principal offense he should be found guilty of a felony. We agree that the words "as shown in the evidence herein" were unnecessary and might very well have implied to the jury that the trial judge assumed the previous convictions to have been established in fact. This phraseology should be avoided in the event of another trial. Cf. Stanley's Instructions to Juries, § 780 (1969–70 Supp.); Ball v. Commonwealth, 30 Ky.Law Rep. 600, 99 S.W. 326, 328 (1907).

■ 3. The Commonwealth introduced the prior convictions through testimony of the circuit court clerk, who read them from the official order book of the court. In no instance, however, did the records so introduced show when the offenses were committed. The indictments, which no doubt contained that information, were not read. The clerk also admitted that the judgments were not signed. On the theory that CR 58 applies to criminal proceedings, appellant contends that a judgment must first be signed by the judge and then noted in a docket book in the same manner as a judgment in a civil case. This is a misconception. Although RCr 11.04(3) provides that the judgment "shall be signed by the judge and entered by the clerk," the practice is the same as it was before the adoption of the Rules of Criminal Procedure—that is, the judgment ordinarily is written in the order book and becomes official when the trial judge follows with his signature in the order book itself. Huff v. Diebold, 313 Ky. 655, 233 S.W.2d 274, 276 (1950). However, the clerk's testimony in this case suggests that even the order book

containing the previous judgments was not signed. If not, then unless and until that omission is corrected those judgments are ineffective. Cf. Second National Bank of Paintsville v. Blair, 299 Ky. 650, 186 S.W. 2d 796 (1945). See, however, Green v. Commonwealth, Ky., 413 S.W.2d 329 (1967); Spears v. Commonwealth, Ky. App., 462 S.W.2d 931, 932 (1971); Langstaff v. Meyer, 305 Ky. 116, 203 S.W.2d 49 (1947).

 4. On the appellant's motion to suppress the search warrant by which the incriminating evidence was obtained it was shown without contradiction that the signer of the supporting affidavit was not a "reputable citizen," as required by KRS 242.370(1). A similar point was raised in Duff v. Commonwealth, Ky., 464 S.W.2d 264, 267 (1971). We are of the opinion that the statutory requirement in this respect is directed to and for the guidance of the issuing magistrate and that his judgment on the question of an affiant's reputability, which is largely a matter of opinion, should not be open to judicial review.

5. Admission of the search warrant as evidence was not prejudicial. Farmer v. Commonwealth, Ky., 461 S.W.2d 551, 552 (1970). In so holding, we assume that only the warrant, and not the supporting affidavit, was introduced. Cf. Henry v. Commonwealth, Ky., 316 S.W.2d 864 (1958). It is our opinion, however, that the sufficiency of a warrant on its face, whether it be for a search or an arrest, is a question for the trial court to determine, for which reason it need not and therefore should not be read or shown to the jury.

6. Complaint is made that the trial court refused to confine evidence of the appellant's reputation for trafficking in liquor to a reasonable time immediately preceding the date of the alleged offense. When cross-examination develops any substantial question as to the proximity of time between the existence of the reputation and the alleged commission of the of-fense the testimony should be so limited, as held in Duff v. Commonwealth, Ky., 464 S.W.2d 264, 267 (1971).

7. Under cross-examination the appellant admitted he had been convicted of a felony. The trial court declined a request to admonish the jury that it should not consider such conviction as evidence of his guilt or innocence of the charge being tried, but only as it might bear upon his truthfulness as a witness. It is elementary that the appellant was entitled to such an admonition and that its omission was a prejudicial error. See Cotton v. Commonwealth, Ky., 454 S.W.2d 698, 702 (1970); Shell v. Commonwealth, 245 Ky. 223, 53 S.W.2d 524, 528 (1932); Hedrick v. Commonwealth, 267 Ky. 481, 103 S.W.2d 111, 112 (1937).

The judgment is reversed with directions for a new trial.

All concur.