RENDERED: MAY 17, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0182-MR

JOSEPH L. RIDDLE                                               APPELLANT

APPEAL FROM GALLATIN CIRCUIT COURT
v.        HONORABLE JAMES R. SCHRAND, II, JUDGE
ACTION NO. 21-CR-00200

COMMONWEALTH OF KENTUCKY                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; EASTON AND GOODWINE, JUDGES.

GOODWINE, JUDGE: Joseph L. Riddle appeals the Gallatin Circuit Court's December 21, 2022, Final Judgment and Sentence of Imprisonment. Riddle argues on appeal that the circuit court erred in denying his motion to suppress. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On October 25, 2021, Officer Andrew Lubbers approached an occupied vehicle on a boat-launching ramp in Warsaw, Kentucky. Upon approach, Officer Lubbers smelled a strong odor of marijuana and saw contraband in plain view. A vehicle search revealed 6.9 grams of suspected methamphetamine, resulting in the arrest of the occupant, Paul Sullivan.

Following transport to the sheriff's office, Sullivan told Officer Lubbers that (1) he purchased the meth from Amanda Cantrell and Riddle at their home at 1536 Kentucky Highway 16 on Saturday, October 23, 2021, at approximately 5:00 p.m., (2) he bought drugs from Cantrell and Riddle regularly, (3) he has been to their home multiple times, (4) they have a large quantity of drugs in the home, (5) Riddle goes to Cincinnati regularly to buy meth to sell, and (6) he had marijuana for sale. Sullivan also provided additional information regarding a "mule" who delivers drugs for sale.

Officer Lubbers did not know Sullivan. So, he contacted Trooper Mason Wilson, Boone County Deputy Nolan Wilson, as well as Constable John Peck to learn more about Cantrell and Riddle. Trooper Wilson and Deputy Wilson were familiar with Cantrell and described the home as a "high traffic" location. Riddle had three outstanding warrants, one each for felony nonsupport, criminal mischief, and probation violation.

Officer Lubbers applied for and obtained a search warrant for the premises. The affidavit listed the address as "1536 KY Highway 16, Verona (Gallatin County) KY, and more particularly described as follows:"

> a single wide mobile home that sits back off the south
> side of KY Highway 16 about an eighth of a mile.
> The gravel drive goes back to the left side of the mobile
> home and the main entry to the house is in the rear. On
> the back of the mobile home, there is a wooden porch.
> There is also a small wooden porch on the front of the house.
> The home has a shingle roof and there are usually 5 or 6 cars
> [in the] driveway. There is an old outbuilding and camper
> behind the house.

Record (R.) at 105. Also contained in the affidavit were the statements Sullivan made to Officer Lubbers at the Warsaw sheriff's department as well as information he received from conversations with Trooper Wilson and Deputy Wilson. The day after Sullivan's arrest, Officer Lubbers executed the search warrant on 1536 KY Highway 16 and filed the report containing the drugs and paraphernalia seized. R. at 104.

On November 19, 2021, a Gallatin County grand jury indicted Riddle on multiple drug-related offenses. Riddle filed three motions to suppress the evidence seized challenging the particularity requirement of the affidavit as well as its sufficiency. Following an evidentiary hearing and subsequent briefing, the circuit court denied Riddle's motion to suppress. He entered a conditional guilty

plea reserving his right to appeal the denial of his motion to suppress. The circuit

court sentenced Riddle to seven years. This appeal followed.

## STANDARD OF REVIEW

To review suppression hearing rulings regarding a search warrant, we

determine whether the trial court's findings of fact were supported by substantial

evidence. *Rhoton v. Commonwealth*, 610 S.W.3d 273, 275 (Ky. 2020) (citation

omitted). "Under this standard, the trial court's findings of fact will be conclusive

if they are supported by substantial evidence." *Id.* at 275-76. "'[S]ubstantial

evidence' is '[e]vidence that a reasonable mind would accept as adequate to

support a conclusion' and evidence that, when 'taken alone or in the light of all the

evidence . . . has sufficient probative value to induce conviction in the minds of

reasonable men.'" *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003) (citation

omitted). Then the trial court's application of the law to the facts is reviewed *de*

*novo*. *Rhoton*, 610 S.W.3d at 276.

## ANALYSIS

Riddle argues on appeal that the trial court erred in denying his

motion to suppress contending the warrant lacked probable cause. To support his

contention, Riddle argues that material facts were omitted from the affidavit, that

Sullivan's information lacked corroboration, and there were no controlled buys or surveillance.[1]

The Fourth Amendment to the United States Constitution and Section 10 of the Kentucky Constitution protect against unreasonable searches and seizures. A search is reasonable if it is supported by a warrant. Three requirements must be met for a valid warrant. It must (1) be based on probable cause; (2) be supported by an affidavit; and (3) particularly describe the place to be searched or the items to be seized. *Whitlow v. Commonwealth*, 575 S.W.3d 663, 669 (Ky. 2019) (citing *Groh v. Ramirez*, 540 U.S. 551, 557, 124 S. Ct. 1284, 157 L. Ed. 2d 1068 (2004)).

In *Commonwealth v. Pride*, 302 S.W.3d 43 (Ky. 2010), the Supreme Court reaffirmed the "totality of the circumstances" test as set in *Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983), for finding probable cause in issuing search warrants. *See also Beemer v. Commonwealth*, 665 S.W.2d 912 (Ky. 1984). "Under the *Gates* test, the warrant-issuing judge is not required to attest to the validity of the information provided in the warrant, but rather 'to make a practical, common-sense decision whether, given all the circumstances stated in the affidavit before him, . . . there is a fair probability that contraband or evidence

---

[1] Riddle abandoned his argument that the affidavit lacked particularity.

of a crime will be found in a particular place.'" *Minks v. Commonwealth*, 427 S.W.3d 802, 808 (Ky. 2014) (quoting *Gates*, 462 U.S. at 238, 103 S. Ct. at 2332). A warrant-issuing judge's determination of probable cause should be paid great deference by reviewing courts. *Pride*, 302 S.W.3d at 48 (citations omitted).

In assessing whether an affidavit established probable cause to support the issuance of a warrant, a reviewing court must consider only the four corners of the affidavit and not extrinsic evidence in analyzing the warrant-issuing judge's conclusion. *Pride*, 302 S.W.3d at 49. Conclusory allegations in an affidavit are insufficient to establish probable cause. *Hensley v. Commonwealth*, 248 S.W.3d 572, 576 (Ky. App. 2008).

First, Riddle argues that the trial court erred in finding that the warrant was supported by probable cause. Probable cause exists if there is a fair probability that contraband or evidence of criminal activity will be found in the place searched. *McCloud v. Commonwealth*, 279 S.W.3d 162, 169 (Ky. App. 2007). This analysis includes the totality of the circumstances contained within the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information. *Gates*, 462 U.S. at 238, 103 S. Ct. at 2332.

In its order entered November 18, 2022, the trial court addressed Riddle's suppression motions addressing the three requirements within the language of the Fourth Amendment that must be met for a valid warrant as set

forth above. The trial court found that "the second requirement is not at issue and the third requirement has been previously ruled upon by this Court." R. at 121. The trial court then addressed the existence of probable cause requirement and, relying on *Moore v. Commonwealth*, 159 S.W.3d 325, 329 (Ky. 2009), found "there was probable cause for the issuance of the Search Warrant." R. at 121. The trial court explained as follows:

> Officers Lubbers and Haught [arrested] an individual Paul Sullivan who possessed methamphetamine. Sullivan disclosed to Officers he had purchased [] methamphetamine from Joey Riddle and Amanda Cantrell at 1536 Kentucky Highway 16 on October 23, 2021, at around 5:00 p.m., and that he regularly buys methamphetamine from these individuals nine times in the last three weeks. Sullivan further described some of their drug activities including where they purchase the methamphetamine and that they have a large bag currently in their possession. Officer Lubbers then contacted Trooper Mason Wilson of the Kentucky State Police, Deputy Nolan Wilson of the Gallatin County Sheriff's Office, and Constable Peck to learn more about Mr. Riddle and Ms. Cantrell. Tpr. Wilson and Dep. Wilson provided information that the area is a "high traffic" location from 5:00 AM to 5:00 PM.[2] Tpr. Wilson was also aware that Cantrell had installed security cameras and a locked gate was recently installed.

R. at 121.

In its order, the trial court also addressed Riddle's second renewed motion to suppress wherein he argued that the officers trespassed onto his property to get a description of the property to be searched. The trial court found Riddle's

---

[2] We note that the affidavit listed the time span from 5:00 p.m. to 5:00 a.m. R. at 106.

"trespass argument does not warrant suppression," explaining, "[e]ven if Constable Peck entered the property to get a description of the mobile home without the permission of Defendant or Cantrell, he did not add any information to the Affidavit for the Search Warrant based on any description he may have made while doing so. The Court therefore finds based on these facts that Constable Peck's possible entry onto the property to obtain the description of the mobile home does not invalidate the Search Warrant." R. at 121-22. We find no error.

Next, Riddle argues for the first time on appeal that material facts were omitted, namely, that Sullivan was originally going to be charged with trafficking due to possessing scales, baggies, and a considerable amount of meth. Relying on *Minks v. Commonwealth*, 427 S.W.3d 802, 809 (Ky. 2014), "when it is alleged that police officers procuring the warrant . . . recklessly omitted material facts, an evidentiary hearing[3] is necessary to determine whether the allegations are true." After that hearing, the trial court must then determine whether the allegations are true and, if so, whether probable cause exists with the inclusion of the improperly omitted facts. *Id.*

Riddle requested a hearing on the renewed motions but did not specifically set forth his material omission allegations, and the court declined to

---

[3] *Franks v. Delaware*, 438 U.S. 154, 155-56, 98 S. Ct. 2674 2676, 57 L. Ed. 2d 667 (1978), which held that a defendant is entitled to an evidentiary hearing when he or she makes a "substantial preliminary showing" that the affiant made a false statement in the affidavit.

take any further testimony by issuing an order overruling the motions without a hearing. Riddle cites *Commonwealth v. Daugherty*, No. 2022-CA-0481-MR, 2023 WL 3027875 (Ky. App. Apr. 21, 2023), in support of its position, but acknowledges it is not binding authority.

Unlike in Riddle's case, Daugherty presented evidence and a *Franks* hearing was held. *Id.* at *3 and *7. Here, Riddle failed to make a preliminary showing under *Franks*, and failed to properly raise the issue with the trial court. *See* RCr[4] 8.27 and RCr 8.14 ("An application to the court for an order shall be by motion which shall be in writing unless made during a hearing or trial, shall state with particularity the grounds therefor, and shall set forth the relief or order sought."). Riddle did not do that. Instead, he merely stated an intent to elicit testimony from officers about an alleged arrangement with Sullivan, but he did not raise the issue with the trial court in his subsequent motion to suppress.

We find this issue unpreserved. "[W]e generally require a party to properly preserve allegations of error at the trial court level. . . ." *Gasaway v. Commonwealth*, 671 S.W.3d 298, 312 (Ky. 2023) (citation omitted). An appellate court "is without authority to review issues not raised in or decided by the trial court." *Regional Jail Authority v. Tackett*, 770 S.W.2d 225, 228 (Ky. 1989). "The rationale for the preservation rule is that [a trial court] 'may not be found to be in

---

[4] Kentucky Rules of Criminal Procedure.

error where it has not been given an opportunity to (1) rule on the issue or (2) correct any alleged error.'" *Gasaway*, 671 S.W.3d at 312 (quoting *Personnel Bd. v. Heck*, 725 S.W.2d 13, 18 (Ky. App. 1986)).

"[W]hen a party fails to raise an issue or otherwise preserve an allegation of error for review, the issue is forfeited." *Id.* at 314 (citing *United States v. Olano*, 507 U.S. 725, 731, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993) (internal quotation marks omitted)). "[A] forfeited claim of error may be reviewed for palpable error." *Id.* Riddle seeks palpable error review. Palpable review affects the substantial rights of a party and may be considered by an appellate court on appeal, even though unpreserved. "[A]ppropriate relief may be granted upon a determination that manifest injustice has resulted from the error." RCr 10.26. Based on our review of the record, we find that the circuit court did not err in deciding not to conduct an additional evidentiary hearing and no manifest injustice occurred.

Even if this issue was preserved, Riddle's argument is without merit because he was required to show there was a material omission in the affidavit. In *Franks*, the United States Supreme Court held:

> where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's

request.

438 U.S. at 155-56, 98 S. Ct. at 2675.

There are no facts in the record to indicate that a showing was made. There was no testimony elicited about what Officer Lubbers told the warrant-issuing judge. Under *Franks*, Riddle was required to "point out specifically the portion of the warrant affidavit that is claimed to be false, and they should be accompanied by a statement of supporting reasons." *Franks*, 438 U.S. at 171, 98 S. Ct. at 2676. Here, Riddle failed to make a preliminary showing under *Franks* and failed to properly raise the issue first with the trial court.

The trial court determined that there was probable cause for the issuance of the search warrant and there is no mention of material omissions because that issue was not raised in any of Riddle's three suppression motions. Under *Pride*, the trial court was correct to look to the four corners of the affidavit and determine if the warrant-issuing judge had a "substantial basis for concluding that probable cause existed." 302 S.W.3d at 49.

Finally, Riddle argues that the trial court erred by concluding that there was sufficient probable cause for the issuance of the search warrant given that there were no controlled buys, surveillance, or corroborating evidence. Controlled buys and surveillance are not required for a probable-cause

determination for the issuance of a search warrant. *Abney v. Commonwealth*, 483 S.W.3d 364, 369 (Ky. 2016).

In *Abney*, our Supreme Court determined the viability of the bright-line rule that the affidavit to a search warrant is defective if it does not establish the time of observation of the crime. *Id.* at 367. The Court rejected this technical requirement considering *Gates*'s totality-of-the-circumstances approach. *Id.* at 368-69. The Court determined that "given the close relationship between the informant and Appellant, the opportunity the informant had to see the contraband in the home and the immediacy of proceeding to obtain the warrant, there is evident 'substantial basis' under the totality of the circumstances to believe that the search would produce 'evidence of wrongdoing.'" *Id.* at 370.

The circuit court based its finding of probable cause upon Sullivan disclosing to officers that he had purchased methamphetamine two days prior at 5:00 p.m., that he regularly purchased from Riddle and Cantrell (specifically nine times within the past three weeks), and that Trooper Wilson and Deputy Mason also informed Officer Lubbers that Riddle's residence was a "high traffic location from 5:00 a.m. to 5:00 p.m." and that security cameras and a locked gate had recently been installed. R. at 121. This finding satisfied *Gates*'s totality of the circumstances' requirement because the warrant-issuing judge "had a 'substantial basis for . . . conclud[ing]' that a search would uncover evidence of wrongdoing[.]"

*Gates*, 462 U.S. at 236, 103 S. Ct. at 2331 (alterations in original) (quotations omitted).

## CONCLUSION

Based on the foregoing, the Final Judgment and Sentence of Imprisonment of the Gallatin Circuit Court is AFFIRMED.

ALL CONCUR.


BRIEF FOR APPELLANT:

Travis Bewley
Frankfort, Kentucky

REPLY BRIEF FOR APPELLANT:

Kayley V. Barnes
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Melissa A. Pile
Assistant Attorney General
Frankfort, Kentucky