Daniel N. GLAUDE, by Debra M. STEPHENSON, Guardian of Person and Estate

v.

The CONTINENTAL INSURANCE COMPANY.

No. 96–415–Appeal.

Supreme Court of Rhode Island.

March 24, 1998.

Charles H. McLaughlin, Providence, for Plaintiff.

John P. Graceffa, Providence, David Edward Maglio, III, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the court on an appeal by The Continental Insurance Company from a summary judgment entered in the Superior Court in favor of the plaintiff, Debra M. Stephenson, Guardian of the Person and the Estate of Daniel N. Glaude (Glaude). A justice of the Superior Court entered a summary judgment in favor of Glaude and denied a cross-motion for summary judgment filed by the defendant insurance company. The summary judgment held that Glaude was entitled to recover under the liability section of an insurance policy that had been issued to Glaude and his wife, Michele Glaude (deceased).

Glaude was seriously injured and his wife killed in a one-car motor-vehicle collision that took place on January 29, 1995, wherein the wife was the operator and Glaude was a passenger. Glaude sought to recover under the liability section of the policy but was denied coverage by defendant on the ground of a family-exclusion clause in the policy. It is undisputed that the accident was caused solely by the negligence of Glaude's wife, Michele. It is also undisputed that Glaude's costs relating to his injuries are in excess of $500,000.

The defendant paid to Glaude the sum of $100,000 under the uninsured/underinsured-motorist provision of the policy. This payment represented the limits of that section of the policy. The defendant declined to pay Glaude under the liability section of the policy, whose coverage limit was also $100,000. The summary judgment entered in the Superior Court awarded an amount equal to the full liability coverage of the policy. This award was in addition to the amount already paid by defendant.

The members of this court were unanimously of the opinion that the motion justice was correct in determining that the family-exclusion clause of the policy was rendered invalid by the passage of the mandatory insurance law adopted in 1991 and now codified as G.L.1956 chapter 47 of title 31. Specifically § 31–47–2(12)(i) requires that every owner's policy of liability insurance must provide coverage for damages arising out of bodily injury to *any person* and therefore invalidates the family-exclusion provision in the policy.

The court was equally divided on the issue of the effect of the setoff provision in the policy that purported to credit payment under the uninsured-motorist section of the policy against any payment due or owing under the liability section of the policy. Two justices would have given effect to the setoff provision and would have held that Glaude was not entitled to receive additional compensation for his injuries under the liability section after having received the maximum amount of $100,000 under the uninsured/underinsured-motorist provision of the policy. Two justices would have held that the setoff provision was inapplicable since this was a joint policy and, therefore, the functional equivalent of two separate policies of insurance.

Consequently since the court is in agreement with the decision of the motion justice in respect to the family exclusion and equally divided in respect to the setoff provision, the judgment of the Superior Court is hereby affirmed.

BOURCIER, J., did not participate.