Daniel N. GLAUDE, by Debra M.
STEPHENSON, Guardian of
Person and Estate

v.

The CONTINENTAL INSURANCE
COMPANY.

No. 96–415–Appeal

Supreme Court of Rhode Island.

Oct. 29, 1998.

Charles H. McLaughlin, Providence, for plaintiff.

John P. Graceffa, David E. Maglio, III, Providence, for defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

GOLDBERG, Justice.

This case came before the Supreme Court on an appeal by the defendant, The Continental Insurance Company (Continental), from a grant of summary judgment entered in favor of the plaintiff, Debra M. Stephenson, Guardian of the Person and the Estate of Daniel N. Glaude (Daniel). A justice of the Superior Court held that Daniel was entitled to coverage under both the liability section and the uninsured/underinsured (UIM) section of an insurance policy that Continental had issued to Daniel and his wife Michele. We affirm.

On January 29, 1995, Daniel was a passenger traveling in a 1993 Pontiac Bonneville, which was operated by Michele. At approximately 10:30 p.m., the vehicle veered off the road, smashed through a fence, and collided with a stone wall. As a result of this single-vehicle collision, Michele was killed and Daniel suffered massive injuries that burdened his estate with medical costs in excess of $500,000. It is undisputed that this accident was caused by Michele's negligence.

Pursuant to a Continental insurance policy consisting of more than sixty pages, wherein both Michele and Daniel were named insureds, Daniel demanded recovery. Daniel sought, and Continental paid, the $100,000 coverage as provided in the UIM section of the insurance policy. Continental also paid the $2,500 coverage as provided for medical expenses. However, when Daniel demanded the $100,000 coverage pursuant to the liability section of the insurance policy, Continental refused, contending that Daniel could not "stack and collect both liability coverage and the uninsured motorist coverage." Continen-

tal's refusal to pay liability coverage pursuant to its insurance policy is the subject of the instant appeal.

Continental defended this case in the Superior Court by asserting that the family-exclusion clause contained within the liability section of the instant policy precluded coverage "for bodily injury to you or a relative." Since Daniel was a named insured, Continental reasoned, Daniel qualified as "you," and therefore was not eligible to receive liability coverage. In the alternative, Continental argued that even if the family-exclusion clause were to be found inapplicable or void, the setoff provision contained within the UIM section of the insurance policy prevented Daniel from recovering the maximum limits under both the UIM *and* the liability sections. Accordingly, Continental argued that Daniel was entitled to recover only a maximum of $100,000 in total coverage.

After examining the parties' memoranda and considering their arguments, the trial justice declared the family-exclusion clause void on the basis of Rhode Island's mandatory insurance law as codified in G.L.1956 chapter 47 of title 31. Furthermore, the trial justice rejected Continental's argument concerning the setoff clause and stated that without any discernible reason to the contrary, Daniel should be able to "collect under both his own uninsured motorist coverage and his wife's liability coverage." Consequently, the trial justice granted Daniel's motion for summary judgment and denied Continental's cross-motion for summary judgment. Continental appealed the trial justice's decision.

In deciding that appeal, a four-justice panel of this Court unanimously affirmed the lower court's ruling that the family-exclusion clause was rendered void by the passage of Rhode Island's mandatory insurance law.

*See Glaude v. Continental Insurance Co.,* 708 A.2d 190, 191 (R.I.1998) (*Glaude I* ). In the same *per curiam* opinion, however, this Court also indicated that the four-justice panel was divided evenly concerning the effect of the setoff provision. *Id.* Continental moved to reargue its appeal upon the availability of a fifth justice in order to revisit this issue, and we granted its motion.

■ Having determined previously in *Glaude I* that the family-exclusion clause was invalid, Continental presently argues that its liability coverage should not exceed the minimum statutory limits as provided in § 31–47–2(12)(i).[1] We reject this argument because "there is no basis for us to reform this exclusion without the full agreement of the parties." *State Farm Mutual Automobile Insurance Co. v. Wagamon,* 541 A.2d 557, 561 (Del.1988) (enforcing remaining contract provisions after invalidating household-exclusion clause). Furthermore, we are of the opinion that "if the offending provision is separable, it should be stricken, while the remaining contract provisions should be enforced." *Id. See also* 17A Am.Jur.2d *Contracts* § 329 (1991). Therefore, although the family-exclusion clause is void, the remaining provisions, including the $100,000 liability coverage limit, are to be enforced in a matter that is consistent with the parties' intentions and the law.

■ Next, Continental argues that the total coverage to Daniel should be limited by virtue of the setoff provision contained within the UIM section of its policy. We conclude, however, that Continental's efforts to limit Daniel's recovery through this setoff provision are not applicable to the facts of this case. The relevant portion of the setoff provision provides:

"Any amounts *payable* under [*the UIM portion of the policy* ] shall be reduced by

---

1. General Laws 1956 § 31–47–2(12)(i) provides in pertinent part:

"Every owner's policy of liability insurance shall provide insurance subject to the regulation against loss from the liability imposed by law for damages, including damages for care and loss of services, because of bodily injury to or death of any person and injury to or destruction of property arising out of the ownership, maintenance, use, or operation of a specific motor vehicle or motor vehicles within

the state of Rhode Island or elsewhere in the United States in North America or the Dominion of Canada, subject to a limit, exclusive of interest and costs, with respect to each motor vehicle of twenty-five thousand dollars ($25,-000) because of bodily injury to or death of one person in any one accident, and subject to the limit for one person, to a limit of fifty thousand dollars ($50,000) because of bodily injury to or death of two (2) or more persons in any one accident ***.''

all sums *paid* because of **bodily injury** *by or on behalf of someone who may be liable.* This includes all sums *paid* under [*the liability portion*] of this policy." (Emphases added.)

By its plain and ordinary meaning this provision applies only to amounts that are *payable* under the UIM section and reduces this coverage only by amounts that have already been *"paid because of bodily injury by or on behalf of someone who may be liable."* (Emphasis added.) In other words, in order for this setoff provision to become applicable, liability coverage must be paid first. Here, however, UIM coverage was *paid* first and subsequently, Continental sought to reduce its coverage by the sums that were *payable* under the liability section of its policy. The setoff provision does not provide for this contingency. Furthermore, no sums were paid "by or on behalf of someone who may be liable," nor were any sums "paid under [the liability portion] of this policy."

In arriving at this conclusion, we also note that a deleted portion of an earlier setoff provision provided that "[p]ayments under this [UIM] coverage will reduce the amount that a person is entitled to recover under [the liability portion] of this policy." Presumably, this earlier clause would have covered the instant case. However, the fact that this provision was replaced by a Rhode Island amendment, which did not include a similar clause, further supports our conclusion that Daniel is entitled to recover the maximum total coverage pursuant to the UIM section *and* the liability section of the Continental insurance policy.

For the foregoing reasons, we conclude that the family-exclusion clause is void and that Continental's liability coverage shall not exceed the limits of its policy. In addition, the setoff provision is not applicable to this case. The defendant's appeal is denied and dismissed. The judgment of the trial justice is affirmed, and the papers in this case are remanded to the Superior Court.