ORDER
Before ‘this Court is the state’s petition to reargue pursuant to Article I, Rule 25 of the Supreme Court Rules of Appellate Procedure.[1] The thrust of the state’s peti *180 tion merely serves to reiterate its position that the former prosecutor did not deliberately fail to disclose Carrier’s March 1992 statements and disagrees with the majority that the statements were material under Brady v. Maryland, 373 U.S. 83 (1963). However, the state fails to identify any issues that this Court may have overlooked, nor does it identify any issues upon which this Court was either legally or factually incorrect. Rather, as Tempest’s reply aptly points out, the state’s petition essentially rehashes the arguments it previously made both in its written brief and at oral argument. Even the state’s own characterization of its grievance—that this Court “misapprehended the force of [its] contention”—illustrates the petition’s shortcomings (emphasis added).
In all due respect to both dissents to this order, all of the arguments made by both parties were thoroughly vetted by each member of this Court, as evidenced by the fact that this case produced three separate (and extraordinarily thorough) opinions. The state presents no legal or factual error committed by this Court warranting additional review. Simply put, the state just disagrees with the majoritys conclusion.
Given that the state does not point to any legal or factual errors in the majoritys opinion, but rather merely attempts to rehash the arguments already considered by this Court in the original appeal, the state’s petition to reargue this case is hereby denied.[2]

. A review of this Court’s recent jurisprudence, spanning the last twenty years, reveals the infrequency with which we grant reargument petitions. Indeed, the last time we granted reargument was in 2004. See American Condominium Association, Inc. v. IDC, Inc., 870 A.2d 434 (R.I. 2005). “The purpose of reargument is to afford a petitioner an opportunity to point out matters presented in the briefs and relied upon in the original argument which he believes were overlooked or misapprehended by the appellate court in reviewing the case.” Id. at 436 (quoting Brimbau v. Ausdale Equipment Rental Corp., 120 R.I. 670, 672, 389 A.2d 1254, 1255 (1978)). The instant petition does not satisfy those criteria. Moreover, this case falls outside the narrow parameters that might otherwise justify a grant of reargument: where this Court sits evenly divided with four justices and a fifth member is later assigned to hear the case. See, e.g., Newport Court Club Associates v. Town Council of Middletown, 800 A.2d 405, 409 n.3 (R.I. 2002); Glaude by Stephenson v. Continental Insurance Co., 719 A.2d 856, 857 (R.I. 1998); State v. Brown, 709 A.2d 465, 467 (R.I. 1998); Rocha v. State, 705 A.2d 965, 966 (R.I. 1998); Hoffman v. McLaughlin Corp., 703 A.2d 1107, 1009 (R.I. 1997); Almacs, Inc. v. Porreca, 702 A.2d 892, 893 (R.I. 1997); State v. Ballard, 699 A.2d 14, 15 (R.I. 1997); Holmes v. Begin, 684 A.2d 1141, 1144 (R.I. 1996).

. Indeed, there is nothing in the state’s petition (or Tempest’s reply) to suggest that, were this case to be reargued by the parties and subsequently reexamined by this Court, the result would be any different.