**Supreme Court**
No. 2022-74-Appeal.

Kevin Bennett et al.                    :

v.                                      :

Angela Steliga, individually and        :
personally and as Trustee of The Angela
M. Steliga Living Trust dated
January 14, 2013, et al.

**O R D E R**

Before the Court is a Petition for Reargument filed pursuant to Article I, Rule 25(a) of the Supreme Court Rules of Appellate Procedure, brought by the plaintiffs, Kevin Bennett and Elizabeth Pawlson. After careful review of the plaintiffs' petition, we are satisfied that the issues raised were considered and thoroughly vetted by each member of the majority in the original appeal. Nor are we persuaded by our dissenting colleague who essentially reiterates the arguments made in his previous dissent.

Accordingly, we deny the plaintiffs' Petition for Reargument.

Entered as an Order of this Court this 4th day of January, 2024.

By Order,

/s/ Meredith A. Benoit, Clerk
_____
Clerk

- 1 -

Justice Lynch Prata did not participate.

**Justice Robinson, dissenting**. In one of his more famous poems, the American poet John Greenleaf Whittier memorably wrote:

> "For of all sad words of tongue or pen,
>
> "The saddest are these: 'It might have been!'"[1]

Whittier's words came immediately to mind as I reflected upon this Court's three to one decision to deny reargument in this case. It is my unequivocal view that this case "might have been" (and should have been) a straightforward contract law case,[2] in which this Court would be required simply to determine whether the Superior

---

[1] John Greenleaf Whittier, "Maud Muller," in Selected Poems 54 (Brenda Wineapple ed., 2004).

[2] This case should have been decided pursuant to our basic contract law principles. *See, e.g.*, *Durfee v. Ocean State Steel, Inc.*, 636 A.2d 698, 703 (R.I. 1994) ("It is a basic tenet of contract law that the contracting parties can make as 'good a deal or as bad a deal' as they see fit * * *."); *F.D. McKendall Lumber Co. v. Kalian*, 425 A.2d 515, 518 (R.I. 1981) (noting "the general rule that a party who signs an instrument manifests his assent to it and cannot later complain that he did not read the instrument or that he did not understand its contents"); *Psaty & Fuhrman, Inc. v. Housing Authority of City of Providence*, 76 R.I. 87, 93, 68 A.2d 32, 36 (1949) ("The parties to a contract are free to agree upon any terms that are not illegal."); *see also Papudesu v. Medical Malpractice Joint Underwriting Association of Rhode Island*, 18 A.3d 495, 498-99 (R.I. 2011); *Gorman v. Gorman*, 883 A.2d 732, 738-39 n.10 (R.I. 2005); *D'Antuono v. CCH Computax Systems, Inc.*, 570 F.Supp. 708, 714 (D.R.I. 1983); *Murray v. Cunard S.S. Co., Ltd.*, 235 N.Y. 162, 166, 139 N.E. 226, 228 (1923) (Cardozo, J.) (stating that a person "who omits to read takes the risk of the omission").

Court was correct in ruling that the Purchase and Sales agreement was valid and whether that contractual agreement had been breached. [3] Regrettably, however, that is not what happened. Instead of this being a simple contract law case, it has been transmogrified into a multi-faceted and quixotic foray into issues which were never meaningfully alluded to by the defendants, but which the Court (acting in a *sua sponte* manner) has chosen to raise and decide in complete disregard of this Court's long-standing raise or waive jurisprudence. While my respect for the Court as an institution and for the distinguished author of the majority opinion is real, I nonetheless feel obliged to dissent, respectfully but most vigorously, from the decision to deny the Petition for Reargument.

I do not intend to elaborate at length upon what I said in my dissent from the majority opinion, although I do not retreat from one word of what I said there. *See Bennett v. Steliga*, 300 A.3d 558, 578-82 (R.I. 2023) (Robinson, J., concurring in part and dissenting in part). I consider it to be most unfortunate that the majority has

---

[3]     It is of capital importance to bear in mind that the majority opinion explicitly noted that the hearing justice had granted "plaintiffs' request for a declaratory judgment that the P&S was valid, binding, and enforceable," *Bennett v. Steliga*, 300 A.3d 558, 570 (R.I. 2023); and this Court then proceeded to explicitly affirm the grant of summary judgment as to that issue. *Id.* at 572.

    It is further noteworthy that, with respect to the issue of anticipatory repudiation, the Court unequivocally stated: "[W]e affirm the hearing justice's conclusion that Steglia repudiated the P&S as a matter of law." *Bennett*, 300 A.3d at 570. That is a ruling of great significance. *See generally Jakober v. E.M. Loew's Capitol Theatre, Inc.*, 107 R.I. 104, 265 A.2d 429 (1970).

chosen to address the issues of specific performance and attorneys' fees[4] in spite of the fact that defendants (who were represented in the Superior Court proceedings by a duly licensed Rhode Island attorney) chose not to properly raise either issue in the trial court or in their statement filed pursuant to Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure.[5]

In my view, the majority opinion represents a radical break from decades of unquestioned precedent relative to what issues are properly before this Court for review; and, most unfortunately, the Court in this case has acted in a *sua sponte* manner without the benefit of adversarial briefing and argument, which lie at the very core of our system of justice. While the majority opinion undoubtedly reflects the majority's view of what justice requires, the plain blunt fact is that the opinion is almost Kafkaesque in its determination to reach unpreserved issues without regard

---

[4] In my partial concurrence and partial dissent that accompanied this Court's majority opinion, I indicated that I concurred "in the Court's discussion of the attorneys' fees issue and in its decision to vacate the award of attorneys' fees under G.L. 1956 § 9-1-45." *Bennett*, 300 A.3d at 578 (Robinson, J., concurring in part and dissenting in part). Upon further reflection, it has dawned upon me that, in addition to dissenting with respect to the specific performance issue, I should have also dissented from the fact that the Court chose to ignore the raise or waive rule with respect to the attorneys' fees issue as well.

[5] It should at all times be borne in mind that defendants were represented by counsel throughout the course of this litigation. It is not the proper role of this Court to introduce into a litigated case issues that, for whatever reason, counsel chose not to raise.

for settled principles of procedural law and appellate practice. I am aware that these are strong words, but this is a moment when I would not be true to myself if I were to speak in milder or more diplomatic language.[6]

I feel obliged to express once again my profound concern regarding the Court's departure from the raise or waive rule that has for so many years been a fundamental principle of our appellate jurisprudence. *See, e.g.*, *In re Shy C.*, 126 A.3d 433, 434 (R.I. 2015) ("This Court has long adhered to an important jurisprudential principle commonly referred to as 'the raise or waive rule.'"); *Federal National Mortgage Association v. Malinou*, 101 A.3d 860, 865 (R.I. 2014) ("According to this Court's *well settled* raise-or-waive rule, issues not properly presented before the trial court may not be raised for the first time on appeal.") (emphasis added); *State v. Figuereo*, 31 A.3d 1283, 1289 (R.I. 2011) ("This Court *staunchly adheres* to the 'raise or waive' rule, which requires parties to raise an issue first in the trial court before raising it on appeal.") (emphasis added) (footnote omitted); *State v. Bido*, 941 A.2d 822, 828-29 (R.I. 2008) ("[A]s we have stated

---

[6]    I take no joy in writing this dissent from the majority's denial of the Petition for Reargument. I am well aware of the importance of collegiality, and I do not want this dissent to be an apple of discord. Nevertheless, I feel very strongly about the importance of our raise or waive rule, and I feel obliged to express my disappointment at it having been so unnecessarily disregarded in this instance. I also feel strongly that plaintiffs have correctly pointed out that it is fundamentally unfair for this Court to have addressed the issues of specific performance and attorneys' fees without their having been given any opportunity to address those issues.

- 5 -

many times, this Court's 'raise-or-waive' rule precludes our consideration of an issue that has not been raised and articulated at trial. * * * It is *well settled* that a litigant cannot raise an objection or advance a new theory on appeal if it was not raised before the trial court.") (emphasis added); *see also Tempest v. State*, 150 A.3d 179, 182-83 (R.I. 2016) (mem.) (Goldberg, J., dissenting) ("The raise-or-waive rule mandates that an issue that has not been raised and articulated previously at trial is not properly preserved for appellate review. * * * We have been steadfast in our insistence on adherence to the raise-or-waive rule, especially mandating that the issue first be addressed by the trial justice, the judicial officer to whom this issue is entrusted. This is an important guarantor of fairness and efficiency.") (internal quotation marks omitted); *DeMarco v. Travelers Insurance Company*, 26 A.3d 585, 628 n.55 (R.I. 2011) ("[T]he raise or waive rule is not some sort of artificial or arbitrary Kafkaesque hurdle. It is instead an important guarantor of fairness and efficiency in the judicial process.").

In addition to being staunchly insistent about preserving issues at the trial court level, we have consistently been clear that an issue is deemed to have been waived if it is not pointed out and discussed in what an appellant submits to this Court in the form of a brief or a Rule 12A statement. *See, e.g.*, *Rice v. State*, 38 A.3d 9, 16 n.10 (R.I. 2012) ("We note that this Court will deem as waived issues that the appellant fails to brief * * *."); *State v. Grullon*, 984 A.2d 46, 51 n.9 (R.I. 2009)

("The defendant did not develop or even raise this argument in his pre-briefing statement to this Court, and therefore, we need not consider this argument."); *Johnston v. Poulin*, 844 A.2d 707, 710 n.3 (R.I. 2004) ("Failure to argue an asserted error of the trial court in [the] legal brief constitutes a waiver of the alleged error.").

At the beginning of its discussion of the issue of specific performance, the majority opinion states: "To be sure, Steliga's presentation of the specific performance issue is allusive, at best." *Bennett*, 300 A.3d at 573. In my judgment, that statement understates the reality of the case at bar. Quite apart from the fact that defendants' counsel chose not to chirp a word of disagreement when the trial justice clearly stated that he would be ordering specific performance, the far more significant point is that the same counsel chose not to articulate any sort of developed argument concerning specific performance (or concerning attorneys' fees for that matter) when he prepared and submitted his statement which Rule 12A of the Supreme Court Rules of Appellate Procedure requires be filed with this Court.

In my considered judgment, there is something *fundamentally unfair* in what has transpired in this case. The plain blunt fact is that the specific performance issue and the attorneys' fees issue were decided by this Court without plaintiffs ever having been afforded any opportunity to present to the Court arguments relative to those issues. In my opinion, that is a deprivation of due process. It is elementary that "the essential elements of procedural due process of law are notice and the

- 7 -

opportunity to be heard * * *." 16B Am. Jur. 2d *Constitutional Law* § 945 at 458 (2020); *see also Grannis v. Ordean*, 234 U.S. 385, 394 (1914) ("The fundamental requisite of due process of law is the opportunity to be heard.") (quoted with approval in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *see generally* Henry J. Friendly, *Some Kind of Hearing*, 123 U. Pa. L. Rev. 1267 (1975).

In my estimation, the Court's opinion cannot be reconciled with principles of fundamental fairness. Even if the defendants' violation of the raise or waive rule could somehow be countenanced, the fact is that the plaintiffs have never had a chance to present argument before this Court concerning the issues that the Court has opted *sua sponte* to address. In view of the very nature of our adversary system of adjudication, it is improper for this Court to opine on issues without having been exposed to any input from one of the parties (said lack of input being in no way the fault of that party). *See Tempest*, 150 A.3d at 182 (Goldberg, J., dissenting) ("This Court has had a long-standing and proud tradition of assuring that every person who appears before us is provided with a full and fair opportunity to be heard on the issues upon which the case is decided. * * * This Court has consistently refused to hear issues that were not previously litigated and has never decided a case on an issue that was not addressed by the trial justice or the parties.").

- 8 -

The Petition for Reargument should have been granted, and I respectfully dissent from the denial of same.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

### ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Kevin Bennett et al. v. Angela Steliga, individually and personally and as Trustee of The Angela M. Steliga Living Trust dated January 14, 2013, et al. | |
| **Case Number** | No. 2022-74-Appeal. (PC 20-7250) | |
| **Date Order Filed** | January 4, 2024 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Long, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice R. David Cruise | |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Derek M. Gillis, Esq. | |
| | For Defendants:<br><br>Edward J. Mulligan, Esq. | |